HAMMON ET AL., APPELLEES, *v.* MCLAUGHLIN ET AL.; CINCINNATI INSURANCE CO., APPELLANT.

[Cite as Hammon *v.* McLaughlin (1983), 6 Ohio St. 3d 227.]

(No. 82-1501—Decided August 17, 1983.)

*Mr. W. Steven Boller* and *Mr. Robert A. Jones,* for appellees.

*Baden, Jones, Scheper & Crehan Co., L.P.A., Mr. David H. Landis* and *Mr. Henry G. Berlon,* for appellant.

*Per Curiam.* The dispositive question in this appeal is whether Henderson was a proper party in the supplemental litigation. If the trial court had not dismissed Henderson as a party, then certain statements allegedly made by Henderson to the appellees and their attorney at the hospital to which appellees were taken after the accident would stand as party admissions, which could properly be introduced into evidence pursuant to Evid. R. 801(D)(2).[1] The admission of this testimony would have raised a question upon which reasonable minds could have come to more than one conclusion, thereby precluding a directed verdict. If, however, Henderson was not a proper party in the supplemental proceeding, then the trial court correctly excluded the aforementioned statements as inadmissible hearsay. To resolve this question

---

[1] Appellees submitted the following testimony of Barbara J. Hammon, from the first trial in the supplemental proceeding:

"A. Mr. Henderson came in to the hospital, and he said he had heard about the accident, and that he owned the truck, and I — and he wanted to know what had happened.

"Q. And did you tell him what had happened?

"A. Yes, I told him what had happened.

"Q. O.K. And what, if anything, did he say then after you had told him what had happened?

"A. Well, he said that he owned the truck and that Mr. McLaughlin worked for him.

"Q. And was there any other further discussion which occurred at that particular time?

"A. Yes. Well, he wanted to know all of the details about the accident, which we went over, and then he said that Mr. McLaughlin did not have permission to drive the truck after working hours, however, from time to time, when he reported back to work he did let him take the truck home, and this particular night he was to report back to work around ten.

"Q. And was there any other discussion which you heard at that time as it pertained to Mr., to what Mr. Henderson may have said?

"A. Well, he told us not to worry, and he'd take care of everything."

we must consider the nature of a supplemental proceeding brought pursuant to R.C. 3929.06.

The statute states as follows:

"Upon the recovery of a final judgment against any firm, person, or corporation by any person, including administrators and executors, for loss or damage on account of bodily injury or death, for loss or damage to tangible or intangible property of any person, firm, or corporation, for loss or damage on account of loss or damage to tangible or intangible property of any person, firm, or corporation, or for loss or damage to a person on account of bodily injury to one's spouse or minor child or children, if the defendant in such action was insured against loss or damage at the time when the rights of action arose, the judgment creditor or the successor in interest is entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant applied to the satisfaction of the judgment. If the judgment is not satisfied within thirty days after it is rendered, the judgment creditor or the successor in interest, to reach and apply the insurance money to the satisfaction of the judgment, may file a supplemental petition in the action in which said judgment was rendered, in which the insurer is made new party defendant in said action, and whereon service of summons upon the insurer shall be made and returned as in the commencement of an action at law. Thereafter the action shall proceed as to the insurer as in an original action."

In the instant case, appellees recovered a final judgment against "any * * * person" (McLaughlin) who was arguably insured. If, as appellees allege, McLaughlin was driving the truck with Henderson's permission at the time of the collision, then McLaughlin would have been an insured under Henderson's policy by operation of R.C. 4509.51(B), which requires that insurers denominate as additional insureds "* * * any other person * * * using any such motor vehicles with the express or implied permission of the [named] insured * * *." The question of whether Henderson had expressly or impliedly granted McLaughlin permission to use the truck was not before the trial court in the negligence phase of the case because that issue relates to the scope of insurance coverage, not negligence. While the initial jury finding that Henderson was not liable under *respondeat superior* or general agency principles was *res judicata* in the supplemental proceeding, the first jury had no reason to consider whether McLaughlin's use was permissive for insurance purposes and, therefore, this question remained open in the supplemental proceeding.

Appellant contends in its first proposition of law that "[i]n a supplemental proceeding brought pursuant to R.C. 3929.06, a named insured who has prevailed on the merits in the principal action and has no interest in the supplemental proceeding may be dismissed therefrom upon a finding that the supplemental petition fails to state a claim upon which relief can be granted against him, and the action shall thereafter proceed against, *inter alia,* the insurance carrier."

Appellant relies primarily on the final sentence of R.C. 3929.06, which states that "[t]hereafter the action shall proceed as to the insurer as in an original action," to support its contention that a proceeding brought pursuant to this section is a totally new action, unrelated to that which has gone before.

Appellant's contention misapprehends the nature of the proceeding brought under R.C. 3929.06. The statute permits a judgment creditor to file "* * * a supplemental petition in the action in which said judgment was rendered * * *." This language indicates that the additional proceeding merely supplements the initial action. It does not create a new lawsuit even though once the insurer becomes a party the action "[t]hereafter * * * shall proceed as to the insurer as in an original action."

The court of appeals correctly recognized that "the trial court erred in dismissing Henderson from the suit inasmuch as the cause was not finally concluded. Until the final resolution of the R.C. 3929.06 petition, the court had an obligation to preserve the status quo and could not dismiss one of the parties until the matter was fully concluded." Henderson's continued presence in the case was required not because of his status as McLaughlin's employer, for which he was determined not to be liable to appellees, but because of his status as the party who had entered into the controverted insurance contract with appellant. Henderson had certain contractual rights, specifically the right to extend coverage to permissive users of his insured vehicle, which had not been litigated. Whether he had exercised this right was the determinative issue in the supplemental proceeding.[2] The dismissal of Henderson at this juncture would thwart the legislative intention underlying R.C. 3929.06 and severely limit an injured party's right of recourse, particularly in the permissive user context. Accordingly, we hold that a named insured remains a party in a supplemental proceeding brought pursuant to R.C. 3929.06 when the question of whether the named insured had granted the tortfeasor permission to use the named insured's vehicle must be ascertained in the supplemental proceeding.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

HOLMES, J., dissents.

---

[2] Our affirmance of the court of appeals' decision necessitates a new supplemental proceeding. Appellant's second and third propositions of law, which concern the use of portions of the record in the initial proceeding in the supplemental litigation are, therefore, not ripe at this juncture. Appellant specifically challenges the use of McLaughlin's deposition as evidence in the supplemental proceeding. If McLaughlin were to be available to testify or if he were redeposed prior to the new proceeding, then appellant's objections would be moot and any opinion this court would offer as to these matters would be purely advisory.

HOLMES, J., dissenting. I must dissent because the majority has misread R.C. 3929.06. The majority's reading would require in a supplemental proceeding the presence of a defendant who in a principal action received judgment in his favor. This obviously results in a party, who has previously been adjudicated as not responsible for the tort, being further subjected to the time and potential costs of litigation.

There may be no judgment granted against Henderson in the supplemental proceeding since the prior judgment in his favor would be *res judicata.* The only reason that plaintiffs strive to hold Henderson in the further proceeding is an evidentiary one. R.C. 3929.06 may not be utilized for this purpose.

As pointed out by the appellant, nothing in the statutory or decisional law of Ohio requires that a prevailing defendant participate in a supplemental proceeding. The statute governing such proceedings was amended in 1933 to omit that requirement. G.C. 9510-4, enacted in 1919 (108 Ohio Laws, Part I, 385, 386), provided that:

"Section 2. Upon the recovery of a final judgment against any firm, person or corporation by any person, including administrators and executors, for loss or damage on account of bodily injury or death, if the defendant in such action was insured against loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in a legal action against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment."

The requirement that the original defendant be joined as a party to the supplemental proceeding was deleted by the 1933 amendment to that section which provided, in pertinent part:

"* * * [i]f the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor or his successor in interest, to reach and apply the insurance money to the satisfaction of the judgment, may file in the action in which said judgment was rendered, a supplemental petition wherein the insurer is made new party defendant in said action, and whereon service of summons upon the insurer shall be made and returned as in the commencement of an action at law. Thereafter the action shall proceed as to the insurer as in an original action at law." (115 Ohio Laws 403.)

Pursuant to the current legislative scheme, in a supplemental proceeding brought pursuant to R.C. 3929.06, a named insured, who has prevailed on the merits in the principal action, has no interest in the supplemental proceeding. So, he may be dismissed therefrom upon a finding that the supplemental petition fails to state a claim upon which relief can be granted against him, and the action shall thereafter proceed against, among others, the insurance carrier.

Accordingly, I would reverse the judgment of the court of appeals.