Elam et al., Appellants, *v.* Hyatt Legal Services et al., Appellees.

[Cite as Elam *v.* Hyatt Legal Serv. (1989), 44 Ohio St. 3d 175.]

(No. 88-923—Submitted April 26, 1989—Decided August 2, 1989.)

176

*Cox & Chappars* and *Timothy S. Chappars,* for appellants.

*John D. Smith* and *Leslie S. Landen,* for appellees.

DOUGLAS, J. The issue before this court is whether appellants, as remaindermen, may maintain a cause of action against appellees. We agree with the trial court that the holding in *Scholler, supra,* controls. Paragraph one of the syllabus in *Scholler* states:

"An attorney is immune from liability to third persons arising from his performance as an attorney in good faith on behalf of, and with the knowledge of his client, unless such third person is in privity with the client or the attorney acts maliciously."

Our holding differs from that of the trial court, however, because we find that the remaindermen *were* in privity with the executor of the estate. Accordingly, appellees, as attorneys for the executor, are not immune from liability to appellants.

It is the duty of a fiduciary of an estate to serve as representative of the entire estate. Such fiduciary, in the administration of an estate, owes a duty to beneficiaries to act in a manner which protects the beneficiaries' interests. We believe that this duty places the beneficiaries in privity with the executor.

The principle that a fiduciary of an estate owes a duty to the estate's beneficiaries is shared by other jurisdictions. The court in *In re Estate of Larson* (1985), 103 Wash. 2d 517, 520-521, 694 P. 2d 1051, 1054, stated:

"* * * In probate, the attorney-

client relationship exists between the attorney and the personal representative of the estate. * * * *The personal representative stands in a fiduciary relationship to those beneficially interested in the estate*. He is obligated to exercise the utmost good faith and diligence in administering the estate in the best interests of the heirs. * * *" (Citations omitted.) (Emphasis added.)

See, also, *Estate of Bosico* (1980), 488 Pa. 274, 412 A. 2d 505; *In re Estate of Corbin* (Fla. App. 1980), 391 So. 2d 731; *Robbins* v. *Natl. Bank of Georgia* (1978), 241 Ga. 538, 246 S.E. 2d 660; *Dickerson* v. *Union Natl. Bank of Little Rock* (1980), 268 Ark. 292, 595 S.W. 2d 677.

At first blush, today's holding would seem to contradict this court's holding in *Simon* v. *Zipperstein, supra*. This court stated in *Zipperstein* that no attorney malpractice action was maintainable because "* * * privity was lacking since appellee, as a *potential* beneficiary of his father's estate, had no vested interest in the estate. * * *"[2] (Emphasis added.) *Id.* at 77, 512 N.E. 2d at 638. In the case before us, however, there is no doubt that the remaindermen's interests were vested. A beneficiary whose interest in an estate is vested is in privity with the fiduciary of the estate, and where such privity exists the attorney for the fiduciary is not immune from liability to the vested beneficiary for damages arising from the attorney's negligent performance.

Finally, appellees also assert that the settlement purportedly reached between Simmons and appellants operated as an accord and satisfaction, thereby relieving appellees of any potential liability. Indeed, the trial court held that the purported settlement released appellees from liability.

However, the record before this court contains no evidence of any such settlement, save for a limited number of references to a settlement made by attorney Rudd in his deposition testimony. With such a scant record pertaining to settlement, we decline to decide whether any settlement between appellants and Simmons would effect a release of appellees' liability.

For the foregoing reasons, we reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings not inconsistent with this opinion.

*Judgment reversed and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT and RESNICK, JJ., concur.

H. BROWN, J., concurs in judgment.

H. BROWN, J., concurring. I concur in the judgment reached by the majority, but for the reasons set forth in my dissent in *Simon* v. *Zipperstein* (1987), 32 Ohio St. 3d 74, 77, 512 N.E. 2d 636, 639. I do not believe that the concept of privity should be used for making decisions in tort law. Rather, the analysis should be made on the basis of "duty" and "foreseeability."

---

[2] We note without comment that, while the holding in *Zipperstein, supra,* was based largely on the fact that the person in question was only a potential beneficiary, a review of the facts seems to indicate that the person's interest was vested.