COLUMBUS CONSOLIDATED AGENCY, INC., et al., Appellants,

v.

WOLFSON et al., Appellees.

[Cite as *Columbus Consol. Agency, Inc. v. Wolfson* (1990), 70 Ohio App.3d 467.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–366.

Decided Nov. 29, 1990.

*Szolosi & Fitch, Michael R. Szolosi* and *Kimberly A. Rye,* for appellants.

*Janik & Bell, Steven G. Janik* and *Steven D. Bell,* for appellees.

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of appellants Columbus Consolidated Agency, Inc. ("CCA"), and Donald L. Schlater, from a judgment entry rendered by the Franklin County Court of Common Pleas on March 28, 1990. Appellants, who brought this legal malpractice action on behalf of themselves and approximately four hundred others similarly situated, appealed the decision of the trial court that denied appellants' motion for class certification and granted appellees' motion to deny class certification.

In September 1984, appellants retained the legal services of the appellees, Donald Wolfson and Wolfson, Wolfson, Carter & O'Neill, to review the GD & L Marine Dry Cargo Container Program and to render a legal opinion regarding whether the program would involve the sale of securities under either Ohio or federal securities law. In October 1984, appellees issued a legal opinion stating that the program did not constitute the sale of securities under either state or federal law. In reliance on this opinion, appellants did not register the program as a securities sales program and sold the program to more than four hundred individual purchasers between October 1984 and December 1985. Both CCA and Schlater were also purchasers of the program.

In August 1986, the Ohio Division of Securities issued a show cause order requiring appellants and others to respond. A hearing was held, and the Division of Securities subsequently found that, based on relevant and material Ohio case law, the GD & L Marine Dry Cargo Container Program constituted the sale of securities. The Division of Securities further found that appellants violated state securities laws by failing to register the security and by selling unregistered securities. A cease and desist order was issued to appellants.

On May 6, 1988, appellants filed a complaint against appellees alleging that appellees committed legal malpractice and breached a contract to provide legal services. Appellants sought to bring the action on behalf of themselves and approximately four hundred other purchasers of the program. On November 14, 1988, appellees filed a motion to deny class certification. On April 25, 1989, appellants filed a motion to certify the class. No evidentiary hearing was held on the motions. The trial court issued its judgment entry denying class certification on March 28, 1990. Appellants appeal that judgment entry on the bases of the two following assignments of error:

"1. The court of common pleas erred as a matter of law and abused its discretion in concluding that no privity existed between plaintiffs and the potential class members for purposes of this legal malpractice action.

"2. The court of common pleas erred and abused its discretion in denying plaintiffs' motion to certify class."

Unless members of a potential class are capable of maintaining the action being brought, a court need not address the question of whether a class can properly be certified pursuant to Civ.R. 23. The initial question to be addressed in this action, therefore, is whether approximately four hundred purchasers of the GD & L Marine Dry Cargo Container Plan can maintain an action for malpractice against the appellees.

■ Appellants correctly contend in arguing the first assignment of error that the principle of law governing who can properly maintain an action for legal malpractice, other than the client himself, is set forth in *Scholler v. Scholler* (1984), 10 Ohio St.3d 98, 10 OBR 426, 462 N.E.2d 158, as follows:

"An attorney is immune from liability to third persons arising from his performance as an attorney in good faith on behalf of, and with the knowledge of his client, unless such third person is in privity with the client or the attorney acts maliciously." *Id.* at paragraph one of the syllabus.

■ Appellants do not contend that appellees acted maliciously in rendering their legal services. Nor do appellants contend that any of the potential class members, other than CCA and Schlater, had an attorney-client relationship with appellees. Rather, appellants maintain that the potential class members were in privity with CCA and Schlater. This court, however, concludes that the trial court did not err as a matter of law or abuse its discretion in finding that the potential class members were not in privity with the appellants.

In *Scholler,* the Supreme Court refused to allow a legal malpractice action to be brought by a mother on behalf of her minor child where it was alleged that the attorney's wrongful conduct occurred while negotiating and preparing child support provisions in a separation agreement. The mother had engaged the attorney for representation during the dissolution proceedings. In concluding that there was no privity between the attorney and the minor child during the negotiation of the separation agreement, the court reasoned that merely because child support provisions were to be contained in the separation agreement did not necessitate the conclusion that the mother's attorney represented the interests of the minor child.

Further, in *Simon v. Zipperstein* (1987), 32 Ohio St.3d 74, 512 N.E.2d 636, the Supreme Court held that there could be no liability for legal malpractice where there was no privity between a purported beneficiary of a will and the client-decedent for whom the attorney had prepared the will. Emphasizing that the potential beneficiary did not have a vested interest in the estate and therefore no privity existed, the court reiterated the rationale underlying the

rule that, absent privity, a third party was without standing to sue an attorney for legal malpractice:

" ' * * * Some immunity from being sued by third persons must be afforded an attorney so that he may properly represent his client. To allow indiscriminate third-party actions against attorneys of necessity would create a conflict of interest at all times, so that the attorney might well be reluctant to offer proper representation to his client in fear of some third-party action against the attorney himself.' *Id.* [5 O.O.3d] at 399–400." *Simon, supra,* 32 Ohio St.3d at 76, 512 N.E.2d at 638, citing *W.D.G., Inc. v. Mut. Mfg. & Supply Co.* (App.1976), 5 O.O.3d 397.

In *Elam v. Hyatt Legal Serv.* (1989), 44 Ohio St.3d 175, 541 N.E.2d 616, the Supreme Court recently allowed a beneficiary whose interest in an estate was vested to maintain an action for malpractice against the attorney for the fiduciary of the estate. The court followed the rule as set forth in *Scholler, supra,* but distinguished its holding in *Zipperstein, supra:*

" * * * In the case before us, however, there is no doubt that the remaindermen's interests were vested. A beneficiary whose interest in an estate is vested is in privity with the fiduciary of the estate, and where such privity exists the attorney for the fiduciary is not immune from liability to the vested beneficiary for damages arising from the attorney's negligent performance." *Elam, supra,* at 177, 541 N.E.2d at 618.

In the matter before this court, there is nothing akin to a beneficiary's vested interest that would justify a finding of privity between the appellants, who were responsible for selecting and engaging the attorney, and the approximately four hundred individuals who ultimately invested in the GD & L Marine Dry Cargo Container Program as prepared and offered by appellants. Merely because the program about which the attorney was consulted was subsequently offered to others for purchase does not necessitate the conclusion that there was privity between appellants and those who eventually purchased under the program.

The trial court, therefore, properly concluded that no privity existed between plaintiffs and the potential class members and that no legal malpractice action could be maintained by the potential class members. Accordingly, appellants' first assignment of error is not well taken and is overruled.

Appellants argue in their second assignment of error that the trial court erred in failing to consider both (1) their argument regarding liability to third parties whose reliance is specifically foreseen, and (2) their argument regarding potential liability to individual purchasers under the Ohio securities statutes. Appellants support these arguments by citing the Ohio securities statutes and *Haddon View Investment Co. v. Coopers & Lybrand* (1982), 70

Ohio St.2d 154, 24 O.O.3d 268, 436 N.E.2d 212, where the Supreme Court held that accountants may be held liable by a third party for professional negligence when the third party is a member of a limited class whose reliance on the accountant's representation is specifically foreseen. As discussed previously, however, in *Scholler, supra,* the court set forth a specific rule of law governing when a third party can maintain an action against an attorney. Pursuant to this holding in *Scholler,* the potential class members in the instant case cannot maintain an action against the attorney-appellees. We therefore do not reach appellants' argument that is based upon the *Haddon View* rationale, which applies to accountants and not attorneys. Nor do we reach appellants' argument that there may be potential liability to individual purchasers under the Ohio securities statutes since the purchasers in this matter have no standing to bring such an action. Accordingly, appellants' second assignment of error is not well taken and is overruled.

Based on the foregoing, appellants' assignments of error are not well taken and are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

WHITESIDE and McCORMAC, JJ., concur.