WEISBERGER, Appellant,

v.

HOME INSURANCE COMPANIES, Appellee.

[Cite as *Weisberger v. Home Ins. Cos.* (1991), 76 Ohio App.3d 391.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59107.

Decided Nov. 25, 1991.

392

*Deborah Purcell Goshien Co., L.P.A.,* and *Deborah Purcell Goshien,* for appellant.

*Janik & Bell, Steven G. Janik* and *Richard G. Witkowski,* for appellee.

STILLMAN, Judge.

Appellant, Donald D. Weisberger, brought suit against Milton J. Guth, alleging that they were co-counsel in a wrongful death action in which Guth held the proceeds and paid the beneficiaries but never paid appellant. Appellee, Home Insurance Company, was also a defendant in appellant's action, as Guth's insurer on his legal malpractice insurance policy. A judgment was entered in which "the parties" agreed that there had been a trust agreement between appellant and Guth and that therefore Guth would pay appellant $30,750. However, Guth failed to do so and appellant sued appellee to enforce the judgment. Appellee filed a motion for summary judgment which argued that the claim was not covered by Guth's policy because there was no attorney-client relationship between appellant and Guth, there is no recovery for attorney fees incurred in obtaining a judgment, no liability for intentional acts, and breach of contract, not legal malpractice, was alleged below. Appellee insisted that it had been dismissed from appellant's suit against Guth and did not participate in the judgment. Appellee's motion was granted. On appeal appellant assigns five errors for review:

"I

"The court erred in granting defendant-appellee the Home Insurance Companies' motion for summary judgment.

"II

"The court erred in refusing to grant plaintiff-appellant's motion for summary judgment."

"IV

"The court erred in failing to find that a litigating attorney *is* liable for malpractice to his co-counsel when he engages in self-dealing by failing to make distribution of wrongful death settlement funds which he collected in his fiduciary capacity as trustee of funds intended for vested beneficiaries with whom he was in privity.

"V

"The court erred in failing to find that a malpractice insurance carrier is liable under its coverage when a covered attorney, in his capacity as trustee of settlement funds, wrongfully retains his co-counsel's distributive share."

Civ.R. 56(C) states in pertinent part as follows:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

Appellant argues that Guth's actions arose out of professional conduct and therefore were covered by the policy. Appellant reasons that Guth acted in a fiduciary capacity when he held the proceeds for the benefit of the vested beneficiaries and appellant and therefore Guth is liable to appellant because appellant and the fiduciaries are in privity.

"An attorney is immune from liability to third persons arising from his performance as an attorney in good faith on behalf of, and with the knowledge of his client, *unless such third person is in privity with the client* or the attorney acts maliciously." (Emphasis added.) *Scholler v. Scholler* (1984), 10 Ohio St.3d 98, 10 OBR 426, 462 N.E.2d 158, paragraph one of the syllabus.

"A beneficiary whose interest in an estate is vested is in privity with the fiduciary of the estate, and where such privity exists the attorney for the fiduciary is not immune from liability to the vested beneficiary for damages arising from the attorney's negligent performance." *Elam v. Hyatt Legal Services* (1989), 44 Ohio St.3d 175, 541 N.E.2d 616, syllabus. The court explained as follows:

"It is the duty of a fiduciary of an estate to serve as representative of the entire estate. Such fiduciary, in the administration of an estate, owes a duty to beneficiaries to act in a manner which protects the beneficiaries' interests. We believe that this duty places the beneficiaries in privity with the executor." *Id.* at 176, 541 N.E.2d at 618.

Appellant is in privity with the vested beneficiaries represented by Guth. Appellant was co-counsel on the wrongful death action and the vested beneficiaries are liable for his fee. *Fox v. Purdon* (1989), 44 Ohio St.3d 69, 541 N.E.2d 448, syllabus. Guth was acting as counsel for the vested beneficiaries when he agreed to handle the disbursement of the proceeds and hold the monies in trust for them and for appellant, who was due his fees and reimbursement for costs. Guth undertook to receive, hold and distribute the monies as provided. We note for the record that appellee had been dismissed

from the previous case and there is no evidence to support appellant's contention that appellee represented Guth. However, appellee conceded that Guth held the monies for the others and was to pay the amounts due.

Appellee insists that the policy does not cover the acts in question and cites several provisions. The policy states as follows:

"[Appellee shall] pay on behalf of the Insured all sums in excess of the deductible * * * which the insured shall become legally obligated to pay as damages. * * *

"(a) by reason of * * * [an] omission in professional services * * * that should have been rendered by the Insured * * * and *arising out of the conduct of the Insured's profession as a lawyer.* * * *" (Emphasis added.) Page 2, I(a) of policy.

However, the policy continues on that same page by saying as follows:

"When the Insured * * * fails to render services as * * * trustee, or in any similar fiduciary capacity, the Insured's * * * omissions in such capacity *shall be deemed* for the purpose of this section to be the performance of professional *services* for others in the Insured's capacity *as a lawyer.* * * *" (Emphasis added.) Page 2, I of policy.

█ Appellee also argues that the following language in the policy bars appellant's recovery of his judgment against Guth because it is his attorney fees in the wrongful death action:

"Damages, whenever used in this policy, means a monetary judgment or settlement and *does not include* fines or statutory penalties whether imposed by law or otherwise, nor the return of or restitution of *legal fees*, costs and expenses *arising therefrom.*" (Emphasis added.) Page 3, I of policy.

This simply means that damages include a judgment or settlement such as appellant's against Guth but not appellant's legal fees incurred in obtaining that judgment or settlement.

█ Appellee further contends that the following policy language on page 5 bars appellant:

"Exclusions

"I. This policy does not apply:

"(a) to any judgment or final adjudication based upon or arising out of any dishonest, deliberately fraudulent, criminal, maliciously or deliberately wrongful acts or omissions committed by the Insured.

"* * *

"(c) to liability arising out of the Insured's services and/or capacity as:

"(1)[a] * * * partner * * * of a business enterprise. * * *
" * * *

"(f) to any claim made by a * * * former * * * partner * * * of the Insured unless such claim arises out of the professional services of the Insured in a lawyer-client relationship. * * * "

First, we will not strain to read the arrangement in which Guth received and distributed the funds to be a business enterprise when no profit or other business purpose was involved and it clearly was one of the other entities in the same clause: a trust.

▮ Second, even if appellant were a former partner of Guth the claim arose "out of the professional services of the Insured in a lawyer-client relationship" by virtue of the previously noted language which states, "When the Insured fails to render services as trustee * * * the * * * omissions in such capacity shall be deemed * * * the performance of professional services * * * as a lawyer." Page 2, I of policy.

▮ Appellant's complaint in the action against Guth alleged fraud and breach of contract. The judgment did not state which claim had prevailed. Appellant's brief repeatedly argued that Guth engaged in "self-dealing" and "double dealing" but later insisted that the act was not necessarily "dishonest, etc." because the journal entry did not specify the claim that was the basis for the judgment. As appellant concedes in his reply brief, a genuine issue of material fact remains: whether Guth's action in failing to pay was negligent or a "dishonest, deliberately fraudulent, criminal, maliciously or deliberately wrongful act or omission." We note that although the judgment entry states "judgment rendered," the journal entry appears to be a "settlement reduced to judgment" as indicated by the extensive stipulations by the parties and the presence of the signatures of the parties and their counsel. The question of whether Guth breached a contract or wrongfully retained the funds was not adjudicated.

We also note that "dishonest, etc." acts or omissions "committed by the Insured" are not covered even if "such claim arises out of the professional services of the Insured in a lawyer-client relationship." The exception for claims arising out of professional services in a lawyer-client relationship is found as the last phrase of (F) under Exclusions and does not apply to the several phrases that precede it or follow it, such as (g) (claim based on discrimination).

Summary judgment for either party was inappropriate when a genuine issue of material fact existed. Therefore, appellee's motion for summary judgment was improperly granted. Assignment of Error No. I is sustained.

Appellant's motion was properly denied. Assignments of Error Nos. II, IV and V are overruled.

## "III

"The court erred in refusing plaintiff-appellant permission to join as necessary parties, the vested beneficiaries in the wrongful death case."

■ Appellant moved to join as plaintiffs or involuntary plaintiffs the beneficiaries of the wrongful death action who were represented by Guth and appellant and with whom appellant is in privity. The motion was not ruled on and is presumed denied. *Hayes v. Smith* (1900), 62 Ohio St. 161, 56 N.E. 879; *Solon v. Solon Baptist Temple* (1982), 8 Ohio App.3d 347, 8 OBR 458, 457 N.E.2d 858.

Appellant cites Civ.R. 19(A), which states as follows:

"(A) Persons to Be Joined if Feasible. A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

*Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 184, 12 OBR 246, 251, 465 N.E.2d 1298, 1303, states:

"Civ.R. 19(A) encourages, and Ohio decisional law favors, a policy of liberally granting joinder. In *Ervin v. Garner* (1971), 25 Ohio St.2d 231, 236 [54 O.O.2d 361, 364, 267 N.E.2d 769, 772] (citations omitted), this court stated that any party may request joinder 'so that all claims of interest arising out of the single occurrence could be resolved.'

" * * * Strub was integrally involved in the dealings of appellants and appellee. Appellee correctly asserts that Strub * * * is likely to have claims against appellee similar to those asserted by appellants. Thus, without Strub as a party-plaintiff, appellee could not be accorded 'complete relief' since Strub could, at some later point, assert his claim against appellee. Moreover, appellee correctly points out that appellants have neither demonstrated nor alleged any prejudice by having Strub joined as a party-plaintiff. Accordingly, this court finds that the trial court did not abuse its discretion in allowing this joinder."

The beneficiaries are necessary because they are relevant to the issues of privity or wrongful conduct. See *Hammon v. McLaughlin* (1983), 6 Ohio

St.3d 227, 229–230, 6 OBR 298, 299–301, 452 N.E.2d 1277, 1279–1280 (party improperly dismissed from R.C. 3929.06 action when he was essential to outstanding issues not reached in action in which judgment was rendered). The motion should have been granted.

Assignment of Error No. III is sustained.

The judgment of the trial court is reversed and this matter is remanded to the trial court at which time the vested beneficiaries will be joined.

*Judgment reversed*
*and cause remanded.*

ANN McMANAMON, P.J., and HARPER, J., concur.

SAUL G. STILLMAN, J., retired, of the Eighth Appellate District, sitting by assignment.