OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Arpadi et al., Appellants, v. First MSP Corporation et al.;
Hahn Loeser & Parks et al., Appellees.
[Cite as Arpadi v. First MSP Corp. (1994),       Ohio St.
3d      .]
Partnerships -- "Partnership," defined -- R.C. 1775.05(A),
     construed -- In a limited partnership, general partner
     owes a fiduciary duty to the limited partners of the
     enterprise -- Persons to whom a fiduciary duty is owed are
     in privity with fiduciary such that an attorney-client
     relationship established with fiduciary extends to those
     in privity therewith regarding matters to which fiduciary
     duty relates.
1.  A partnership is an aggregate of individuals and does not
          constitute a separate legal entity.  (R.C. 1775.05[A],
          construed; Byers v. Schlupe [1894], 51 Ohio St. 300,
          314, 38 N.E. 117, 121, followed.)
2.  In a partnership, the partners of which it is composed owe
          a fiduciary duty to each other.  (R.C. 1775.20[A],
          construed; Peterson v. Teodosio [1973], 34 Ohio St.2d
          161, 171, 63 O.O.2d 262, 267, 297 N.E.2d 113, 121,
          followed.)  Consequently, in a limited partnership,
          the general partner owes a fiduciary duty to the
          limited partners of the enterprise.
3.  Those persons to whom a fiduciary duty is owed are in
          privity with the fiduciary such that an
          attorney-client relationship established with the
          fiduciary extends to those in privity therewith
          regarding matters to which the fiduciary duty
          relates.  (Elam v. Hyatt Legal Serv. [1989], 44 Ohio
          St.3d 175, 541 N.E.2d 616, approved and followed.)
     (No. 92-1276 -- Submitted September 21, 1993 -- Decided
March 23, 1994.)
     Appeal from the Court of Appeals for Cuyahoga County, No.
59939.
     Defendant First MSP Corporation is the general partner in
the Lakeside Ten Apartments, L.P.  The limited partnership was
formed for the purpose of acquiring and developing an apartment
complex in Sheffield Lake, Ohio, and converting the apartments

for resale as individual condominium units.  Defendant Richard Jankel was general counsel, president and director of First MSP Corp.  On June 28, 1984, investments in the limited partnership were solicited by means of an offering circular known as a Private Placement Memorandum ("PPM").  Plaintiffs-appellants, Harry S. Arpadi et al., the limited partners, were recipients of the PPM.  The PPM provided in relevant part:

"The Property is presently encumbered by a wraparound mortgage, deed dated March 6, 1980, in the amount of $5,400,000 given by the Sellers to Thomas J. Dillon (the 'Mortgage') which includes and incorporates a first mortgage dated January 13, 1969 made by Associated Construction Company, Inc. to Akron Savings & Loan Co. in the original principal amount of $3,100,000 and a second mortgage dated March 5, 1980 made by Thomas J. Dillon and Patricia J. Dillon to BancOhio in the original principal amount of $700,000.  The Mortgage, which currently bears interest at a rate of 10.5% and which matures and becomes due and payable on September 30, 1994, contains (i) an exculpatory clause which provides that the mortgagee's sole rights in the event of foreclosure shall be to proceed against the Subject Premises encumbered thereby and without the mortgagee having any right to seek judgment for any deficiency against the mortgagor or its partners, and (ii) the right of the mortgagor to prepay such mortgage in whole or in part without penalty.  The Mortgage, Underlying First Mortgage and Underlying Second Mortgage (the 'Mortgages') will be modified to provide a release clause formula releasing individual apartment units and allocable shares of common areas from the liens of the Mortgages in the event of the conversion of the Subject Premises to condominium ownership upon payment of certain scheduled amounts in reduction of the principal balances of the Mortgages for each apartment so released, with an initial release of apartments selected by the Partnership having that collective value pursuant to the schedule." (Emphasis added.)

The PPM further provided:

"CONVERSION OF THE PROPERTY

"It is the intention of the Partnership to file a plan of condominium conversion and to sell the apartments to those existing tenants who desire to purchase.  Upon expiration of the tenants' 90 days right of first refusal period, the prices will be increased and the apartments of those tenants who did not elect to purchase will be offered for sale to both the existing tenants and outsiders at the higher price structure and 120 day notices to vacate will thereupon be delivered to those tenants whose apartments are being purchased by non-residents.  The financing for each apartment unit will be provided by individual mortgages on each apartment obtained by the Partnership for the tenant or other purchaser to the maximum extent possible.

"The condominium plan will be prepared and filed by the law firm of Hahn, Loeser, Freedheim, Dean & Wellman, Esqs., 800 National City E. 6th Building, Cleveland, Ohio 44114 who shall commence work immediately upon execution of the purchase contract in anticipation of the filing of the documents within 30 days after the Partnership acquires title to the Property.

"In the event the Partnership's plan for conversion and

sale of the Property as condominiums should fail for any reason, the Partnership will be required to make a decision as to whether or not the Property should be retained for investment or whether it should be refinanced and sold on favorable tax terms to a tax shelter syndicator. Alternatively, the Partnership could keep the Property and hold it for investment since the Property currently produces a positive cash flow which should increase with the passage of time. In such event, depreciation should be sufficient to fully shelter this cash flow and provide the partners with additional losses for tax purposes to be applied against other income." (Emphasis added.)

In short, the development plan for the apartment complex involved the release of the liens on individual apartments and a proportional share of the common areas represented by those units in order to permit the sale and transfer of the units. The revenue generated thereby would, in turn, finance renovation of additional units to facilitate their sale. Following investment in the limited partnership by the limited partners, Jankel and defendant-appellee Wilton S. Sogg, an attorney in the law firm of defendant-appellee Hahn, Loeser, Freedheim, Dean & Wellman (n.k.a. Hahn Loeser & Parks), attempted to have the release formula incorporated into the purchase agreement. Ultimately, the existing mortgage holders refused to agree to the release formula. On July 5, 1984, Sogg, with the approval of Jankel, drafted a purchase agreement which omitted any reference to the release formula. This omission was not disclosed to any of the limited partners. On July 20, 1984, the transaction was closed. Appellants contend that the inability to utilize the release formula denied the project the cash flow necessary to convert the complex to condominium ownership. The project failed and ultimately became bankrupt.

On July 18, 1985, plaintiffs-appellants instituted the present action in the Cuyahoga County Court of Common Pleas, which inter alia included claims of fraud against defendants, First MSP Corp. and Richard Jankel, and attorney malpractice against defendants-appellees Hahn Loeser & Parks and Wilton Sogg. On October 16, 1987, appellees filed a motion for summary judgment. On March 23, 1989, this motion was granted. On May 11, 1990, an entry of settlement and stipulation of dismissal was filed with respect to defendants First MSP Corp. and Richard Jankel.

Upon appeal, the appellate court affirmed the entry of summary judgment by the trial court. The cause is now before this court pursuant to the allowance of a motion to certify the record.

Kaufman & Cumberland Co., L.P.A., Steven S. Kaufman and David P. Lodwick; and Jack G. Day, for appellants.

Thompson, Hine & Flory, Daniel W. Hammer and James D. Robenalt, for appellees.

Vorys, Sater, Seymour & Pease, Duke W. Thomas and Michael W. Donaldson; and Albert L. Bell, urging affirmance for amicus curiae, Ohio State Bar Association.

A. William Sweeney, J. The present action involves

whether the duty owed by an attorney to exercise due care in the provision of legal services to a partnership extends to the limited partners as well. Appellees contend that to so hold would create an ethical dilemma for the attorney. In support thereof, appellees cite the Code of Professional Responsibility for the proposition that no duty is owed to limited partners by an attorney representing the partnership. In this regard, EC 5-18 provides:

"A lawyer employed or retained by a corporation or similar entity owes his allegiance to the entity and not to a stockholder, director, officer, employee, representative, or other person connected with the entity. In advising the entity, a lawyer should keep paramount its interests and his professional judgment should not be influenced by the personal desires of any person or organization. Occasionally, a lawyer for an entity is requested by a stockholder, director, officer, employee, representative, or other person connected with the entity to represent him in an individual capacity; in such case the lawyer may serve the individual only if the lawyer is convinced that differing interests are not present." (Emphasis added.)

The foregoing argument, however, misperceives the nature of the partnership form of enterprise and, consequently, the meaning of EC 5-18. The statutory and decisional law of this state has consistently adhered to the principle that a partnership is an aggregate of individuals and does not constitute a separate legal entity. See R.C. 1775.05(A); Byers v. Schlupe (1894), 51 Ohio St. 300, 314, 38 N.E. 117, 121; Battista v. Lebanon Trotting Assn. (C.A.6, 1976), 538 F.2d 111, 116 (applying Ohio law); Fairway Dev. Co. v. Title Ins. Co. of Minnesota (N.D. Ohio 1985), 621 F. Supp. 120, 122 (applying Ohio law).

Further, a partnership not only does not constitute an entity similar to a corporation for purposes of EC 5-18, it also lacks the attributes of a separate legal entity in most other respects. See, e.g., Donroy, Ltd. v. United States (C.A. 9, 1962), 301 F.2d 200, 207. But, cf., R.C. 2307.24.

The duty owed by the attorney for a partnership to the limited partners thereof must be determined not by reference to EC 5-18 but to the prior decisional law of this court. In Scholler v. Scholler (1984), 10 Ohio St.3d 98, 10 OBR 426, 462 N.E.2d 158, this court addressed the duty owed by an attorney to persons other than the individual or entity responsible for his retention. The first paragraph of the syllabus in Scholler provides:

"An attorney is immune from liability to third persons arising from his performance as an attorney in good faith on behalf of, and with the knowledge of his client, unless such third person is in privity with the client or the attorney acts maliciously." (Emphasis added.)

In Scholler, it was determined that a minor child of a spouse for whom an attorney had drafted a separation agreement was not in privity with the spouse such as to establish a duty owed by the attorney to the child. Likewise, in Simon v. Zipperstein (1987), 32 Ohio St.3d 74, 512 N.E.2d 636, this court determined that a potential beneficiary of an estate was not in privity with the testator or estate such as to give rise

to a duty owed by the attorney who drafted the testamentary instrument to the potential beneficiary. However, in Elam v. Hyatt Legal Serv. (1989), 44 Ohio St.3d 175, 541 N.E.2d 616, this court determined that such privity exists between the estate and a vested beneficiary. Accordingly, the syllabus to Elam provides:

"A beneficiary whose interest in an estate is vested is in privity with the fiduciary of the estate, and where such privity exists the attorney for the fiduciary is not immune from liability to the vested beneficiary for damages arising from the attorney's negligent performance. (Scholler v. Scholler [1984], 10 Ohio St.3d 98, 10 OBR 426, 462 N.E.2d 158, followed; Simon v. Zipperstein [1987], 32 Ohio St.3d 74, 512 N.E.2d 636, distinguished.)" (Emphasis added.)

Elam therefore recognizes that an attorney retained by a fiduciary owes a similar duty to those with whom the client has a fiduciary relationship. In a partnership, the partners of which it is composed owe a fiduciary duty to each other. See R.C. 1775.20(A); Peterson v. Teodosio (1973), 34 Ohio St. 2d 161, 171, 63 O.O.2d 262, 267, 297 N.E.2d 113, 121. 1 Consequently, in a limited partnership, the general partner owes a fiduciary duty to the limited partners of the enterprise.

A fortiori those persons to whom a fiduciary duty is owed are in privity with the fiduciary such that an attorney-client relationship established with the fiduciary extends to those in privity therewith regarding matters to which the fiduciary duty relates.

Therefore, whether the duty arising from an attorney-client relationship is owed to the limited partnership itself or to the general partner thereof, it must be viewed as extending to the limited partners as well. Inasmuch as a limited partnership is indistinguishable from the partners which compose it, the duty arising from the relationship between the attorney and the partnership extends as well to the limited partners. Where such duty arises from the relationship between the attorney and the general partner, the fiduciary relationship between the general partner and the limited partners provides the requisite element of privity recognized under Elam, supra. Such privity, in turn, extends the duty owed to the general partner to the limited partners regarding matters of concern to the enterprise.

Our determination that the duty owed by an attorney to a partnership extends to the individual partners thereof is in accord with other jurisdictions which have considered the issue. See Pucci v. Santi (N.D. Ill. 1989), 711 F.Supp. 916, 927, fn. 4; Wortham & Van Liew v. Superior Court (1987), 188 Cal. App.3d 927, 932-933, 233 Cal. Rptr. 725, 728. See, also, Halverson v. Convenient Food Mart, Inc. (C.A.7, 1972), 458 F.2d 927, 930. We therefore hold that appellees herein owed a duty of due care to appellants arising from the attorney-client relationship between appellees and the general partner and the limited partnership. The judgment of the court of appeals is therefore reversed and the cause is remanded to the trial court for the disposition of issues relating to breach of duty, causation, and damages, if any.

                                    Judgment reversed
                                    and cause remanded.

Moyer, C.J., Douglas, Wright, Resnick, Nader and Pfeifer, JJ., concur.

Robert A. Nader, J., of the Eleventh Appellate District, sitting for F.E. Sweeney, J.

FOOTNOTE:

1 This principle is likewise embodied in R.C. Chapter 1339 (Uniform Fiduciary Act). In this regard, R.C. 1339.03(B) provides as follows:

"As used in sections 1339.03 to 1339.13, inclusive, of the Revised Code:

"***

"(B) 'Fiduciary' includes a trustee under any trust, expressed, implied, resulting, or constructive, an executor, administrator, guardian, conservator, curator, receiver, trustee in bankruptcy, assignee for the benefit of creditors, partner, agent, officer of a corporation, public or private, public officer, or any other person acting in a fiduciary capacity for any person, trust, or estate."  (Emphasis added.)