ARPADI ET AL., APPELLANTS, *v.* FIRST MSP CORPORATION ET AL.; HAHN LOESER & PARKS ET AL., APPELLEES.

[Cite as *Arpadi v. First MSP Corp.* (1994), 68 Ohio St.3d 453.]

(No. 92–1276—Submitted September 21, 1993—Decided March 23, 1994.)

*Kaufman & Cumberland Co., L.P.A., Steven S. Kaufman* and *David P. Lodwick;* and *Jack G. Day,* for appellants.

*Thompson, Hine & Flory, Daniel W. Hammer* and *James D. Robenalt,* for appellees.

*Vorys, Sater, Seymour & Pease, Duke W. Thomas* and *Michael W. Donaldson;* and *Albert L. Bell,* urging affirmance for *amicus curiae,* Ohio State Bar Association.

---

A. WILLIAM SWEENEY, J.   The present action involves whether the duty owed by an attorney to exercise due care in the provision of legal services to a partnership extends to the limited partners as well.   Appellees contend that to so hold would create an ethical dilemma for the attorney.   In support thereof, appellees cite the Code of Professional Responsibility for the proposition that no duty is owed to limited partners by an attorney representing the partnership.   In this regard, EC 5–18 provides:

"*A lawyer employed or retained by a corporation or similar entity owes his allegiance to the entity and not to a stockholder, director, officer, employee, representative, or other person connected with the entity.*   In advising the entity, a lawyer should keep paramount its interests and his professional judgment should not be influenced by the personal desires of any person or organization.   Occasionally, a lawyer for an entity is requested by a stockholder, director,

officer, employee, representative, or other person connected with the entity to represent him in an individual capacity; in such case the lawyer may serve the individual only if the lawyer is convinced that differing interests are not present." (Emphasis added.)

The foregoing argument, however, misperceives the nature of the partnership form of enterprise and, consequently, the meaning of EC 5–18. The statutory and decisional law of this state has consistently adhered to the principle that a partnership is an aggregate of individuals and does not constitute a separate legal entity. See R.C. 1775.05(A); *Byers v. Schlupe* (1894), 51 Ohio St. 300, 314, 38 N.E. 117, 121; *Battista v. Lebanon Trotting Assn.* (C.A.6, 1976), 538 F.2d 111, 116 (applying Ohio law); *Fairway Dev. Co. v. Title Ins. Co. of Minnesota* (N.D.Ohio 1985), 621 F.Supp. 120, 122 (applying Ohio law).

Further, a partnership not only does not constitute an entity similar to a corporation for purposes of EC 5–18, it also lacks the attributes of a separate legal entity in most other respects. See, *e.g., Donroy, Ltd. v. United States* (C.A.9, 1962), 301 F.2d 200, 207. But, cf., R.C. 2307.24.

The duty owed by the attorney for a partnership to the limited partners thereof must be determined not by reference to EC 5–18 but to the prior decisional law of this court. In *Scholler v. Scholler* (1984), 10 Ohio St.3d 98, 10 OBR 426, 462 N.E.2d 158, this court addressed the duty owed by an attorney to persons other than the individual or entity responsible for his retention. The first paragraph of the syllabus in *Scholler* provides:

"An attorney is immune from liability to third persons arising from his performance as an attorney in good faith on behalf of, and with the knowledge of, his client, *unless such third person is in privity with the client* or the attorney acts maliciously." (Emphasis added.)

In *Scholler,* it was determined that a minor child of a spouse for whom an attorney had drafted a separation agreement was not in privity with the spouse such as to establish a duty owed by the attorney to the child. Likewise, in *Simon v. Zipperstein* (1987), 32 Ohio St.3d 74, 512 N.E.2d 636, this court determined that a *potential* beneficiary of an estate was not in privity with the testator or estate such as to give rise to a duty owed by the attorney who drafted the testamentary instrument to the potential beneficiary. However, in *Elam v. Hyatt Legal Serv.* (1989), 44 Ohio St.3d 175, 541 N.E.2d 616, this court determined that such privity exists between the estate and a *vested* beneficiary. Accordingly, the syllabus to *Elam* provides:

"A beneficiary whose interest in an estate is vested is in privity with the fiduciary of the estate, and *where such privity exists the attorney for the fiduciary is not immune from liability to the vested beneficiary for damages arising from the attorney's negligent performance. (Scholler v. Scholler* [1984],

10 Ohio St.3d 98, 10 OBR 426, 462 N.E.2d 158, followed; *Simon v. Zipperstein* [1987], 32 Ohio St.3d 74, 512 N.E.2d 636, distinguished.)" (Emphasis added.)

*Elam* therefore recognizes that an attorney retained by a fiduciary owes a similar duty to those with whom the client has a fiduciary relationship. In a partnership, the partners of which it is composed owe a fiduciary duty to each other. See R.C. 1775.20(A); *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 171, 63 O.O.2d 262, 267, 297 N.E.2d 113, 121.[1] Consequently, in a limited partnership, the general partner owes a fiduciary duty to the limited partners of the enterprise.

*A fortiori* those persons to whom a fiduciary duty is owed are in privity with the fiduciary such that an attorney-client relationship established with the fiduciary extends to those in privity therewith regarding matters to which the fiduciary duty relates.

Therefore, whether the duty arising from an attorney-client relationship is owed to the limited partnership itself or to the general partner thereof, it must be viewed as extending to the limited partners as well. Inasmuch as a limited partnership is indistinguishable from the partners which compose it, the duty arising from the relationship between the attorney and the partnership extends as well to the limited partners. Where such duty arises from the relationship between the attorney and the general partner, the fiduciary relationship between the general partner and the limited partners provides the requisite element of privity recognized under *Elam, supra*. Such privity, in turn, extends the duty owed to the general partner to the limited partners regarding matters of concern to the enterprise.

Our determination that the duty owed by an attorney to a partnership extends to the individual partners thereof is in accord with other jurisdictions which have considered the issue. See *Pucci v. Santi* (N.D.Ill.1989), 711 F.Supp. 916, 927, fn. 4; *Wortham & Van Liew v. Superior Court* (1987), 188 Cal.App.3d 927, 932–933, 233 Cal.Rptr. 725, 728. See, also, *Halverson v. Convenient Food Mart, Inc.* (C.A.7, 1972), 458 F.2d 927, 930. We therefore hold that appellees herein owed a duty of due care to appellants arising from the attorney-client relationship between appellees and the general partner and the limited partnership. The

---

1. This principle is likewise embodied in R.C. Chapter 1339 (Uniform Fiduciary Act). In this regard, R.C. 1339.03(B) provides as follows:

   "As used in sections 1339.03 to 1339.13, inclusive, of the Revised Code:

   " * * *

   "(B) '*Fiduciary*' includes *a* trustee under any trust, expressed, implied, resulting, or constructive, an executor, administrator, guardian, conservator, curator, receiver, trustee in bankruptcy, assignee for the benefit of creditors, *partner*, agent, officer of a corporation, public or private, public officer, or any other person acting in a fiduciary capacity for any person, trust, or estate." (Emphasis added.)

judgment of the court of appeals is therefore reversed and the cause is remanded to the trial court for the disposition of issues relating to breach of duty, causation, and damages, if any.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, NADER and PFEIFER, JJ., concur.

ROBERT A. NADER, J., of the Eleventh Appellate District, sitting for F.E. SWEENEY, J.