[Cite as *Alibrando v. Miner*, 2021-Ohio-2827.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| MATTHEW ALIBRANDO, ET AL. | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiffs-Appellants | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| CONNIE MINER | : | Case No. 2021 CA 0010 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Probate Division, Case No.
                                 2019-0068A


JUDGMENT:                        Reversed in Part, Vacated in Part,
                                 and Remanded


DATE OF JUDGMENT:                August 17, 2021


APPEARANCES:

For Plaintiffs-Appellants                For Defendant-Appellee

CHARLES H. BENDIG                        C. DANIEL HAYES
4937 West Broad Street                   195 East Broad Street
Columbus, OH  43228                      P.O. Box 958
                                         Pataskala, OH  43062

*Wise, Earle, J.*

{¶ 1}   Plaintiffs-Appellants, Matthew Alibrando and Vincent Alibrando, appeal the January 25, 2021 entry of the Court of Common Pleas of Licking County, Ohio, Probate Division, granting summary judgment to Defendant-Appellee, Connie Minor.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   In August 2013, Guito Alibrando executed a last will and testament naming his longtime girlfriend, appellee herein, as executrix.  In the will, he bequeathed her $100,000, with the remainder of his estate going to his two sons, appellants herein. Shortly after execution, appellee read the will and was aware of the contents therein.  In October 2013, appellee was added to Guito's checking account.  In August 2015, Guito executed a durable power of attorney authorizing appellee to sell any real estate in his name and to deposit and/or withdraw funds from any of his bank accounts, including the joint checking account.

{¶ 3}   In July 2016, Guito entered a nursing home.  In July 2018, appellee sold Guito's house and placed the proceeds, over $200,000, into the joint checking account. Guito passed away in December 2018.  In February 2019, appellee removed the funds from the joint checking account and placed them into her personal savings account.

{¶ 4}   On January 28, 2019, appellee, as executrix, filed an application to probate Guito's will.  On July 11, 2019, appellants filed exceptions to the final account, claiming the account failed to include the proceeds from the sale of the house.

{¶ 5}   On August 30, 2019, appellants filed a complaint alleging concealment of assets pursuant to R.C. 2109.50.  Also on August 30, 2019, appellants filed a motion to substitute executrix with themselves.

{¶ 6}   On October 14, 2019, appellee filed a motion for summary judgment. Discovery was still ongoing.   On November 18, 2019, appellants filed a memorandum contra to appellee's motion, as well as their own motion for partial summary judgment. Also on November 18, 2019, appellants filed a motion to amend their complaint to conform to the evidence obtained through discovery and to add a claim of a constructive trust.  By entry filed January 25, 2021, the trial court granted appellee's motion for summary judgment and denied appellants' motion for partial summary judgment, and denied appellants' motions to substitute the executrix and amend their complaint.

{¶ 7}   Appellants filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 8}   "THE TRIAL COURT ERRED IN FAILING TO FIND THE POA'S TRANSFER OF OVER $210,000, PAYABLE SOLELY TO HER PRINCIPAL, INTO A JOINT SURVIVORSHIP ACCOUNT WHERE HIS DEATH WAS IMMINENT, AND THE FAILURE TO RETURN THOSE FUNDS TO THE DECEDENT'S ESTATE AFTER DEATH, WAS A MISAPPROPRIATION OF HER PRINCIPAL'S MONEY IN VIOLATION OF HER FIDUCIARY RELATIONSHIP, IN BAD FAITH, CONTRARY TO THE PRINCIPAL'S KNOWN ESTATE PLAN, AND CONTRARY TO THE PRINCIPAL'S BEST INTEREST AND REASONABLE EXPECTATIONS, REQUIRING SUMMARY JUDGMENT IN FAVOR OF APPELLANTS."

II

{¶ 9}   "THE TRIAL COURT ERRED IN FAILING TO REMOVE CONNIE MINER AS THE EXECUTOR OF THE DECEDENT'S ESTATE DUE TO PENDING LITIGATION BY THE RESIDUAL BENEFICIARIES OF THE ESTATE AGAINST HER, AND THE

NEED FOR THE DECEDENT'S ESTATE TO INVESTIGATE PROBABLE MISCONDUCT BY HER IN THE YEARS PRIOR TO HIS DEATH."

III

{¶ 10} "THE TRIAL COURT ERRED IN FAILING TO FIND AGAINST CONNIE MINER FOR CONCEALMENT AND EMBEZZLEMENT OF ESTATE ASSETS PURSUANT TO ORC 2109.50, REMOVAL AS EXECUTOR PURSUANT TO ORC 2109.53 AND JUDGMENT AGAINST HER FOR THE AMOUNTS CONCEALED OR EMBEZZLED, WITH THE MANDATORY 10% PENALTY AND REASONABLE ATTORNEY'S FEES."

IV

{¶ 11} "THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANTS' MOTION TO FILE AN AMENDED COMPLAINT."

V

{¶ 12} "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT."

{¶ 13} We will address the assignments of error out of order for ease of discussion.

V

{¶ 14} In their fifth assignment of error, appellants claim the trial court erred in granting summary judgment to appellee.  We agree.

{¶ 15} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶ 16} As explained by this court in *Leech v. Schumaker,* 5th Dist. Richland No. 15CA56, 2015-Ohio-4444, ¶ 13:

It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its

initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150.

{¶ 17} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

{¶ 18} The August 2015 power of attorney granted to appellee authorized her to sell any of Guito's real or personal property, and to deposit or withdraw funds from any banking institution including the joint checking account. The document states the following at ¶ 19:

In accordance with O.R.C. 1337.34, the following duties of the agent are mandatory: All agents must act (i) in good faith; (ii) within the scope of authority granted; (iii) in accordance with the principal's reasonable expectations, if known, or in the principal's best interest, and the agent must (iv) attempt to preserve the principal's estate plan, to the extent actually known to the agent, if preserving the plan is consistent with the principal's best interests based on all relevant factors.

{¶ 19} As explained by our colleagues from the Third District in *Temple v. Temple,* 3d Dist. Marion No. 9-14-26, 2015-Ohio-2311, ¶ 29:

" * * * [A] power of attorney is a written instrument authorizing an agent to perform specific acts on behalf of the principal." *Testa v. Roberts,* 44 Ohio App.3d 161, 164, 542 N.E.2d 654 (1988). The holder of a power of attorney has a fiduciary relationship with the principal. This fiduciary relationship imposes a duty of loyalty to the principal. *In re Scott,* 111 Ohio App.3d 273, 276, 675 N.E.2d 1350 (1996). Thus, an agent "may not make gratuitous transfers of the principal's assets unless the power of attorney from which the authority is derived expressly and unambiguously grants the authority to do so." *MacEwen v. Jordan,* 1st Dist. No. C-020431, 2003-Ohio-1547, 2003 WL 1571741, at ¶ 12. *In re Meloni,* 11th Dist. No. 2003-T-0096, 2004-Ohio-7224, 2004 WL 3090190, at ¶ 34. The person who holds the power of attorney bears the burden of proof on the issue of the fairness of the transaction. *Testa* at paragraph five of syllabus.

{¶ 20} Pursuant to Guito's will executed in August 2013, appellee was to receive $100,000 from the estate and the remainder was to go to appellants.  After appellee sold Guito's house in July 2018, she placed the proceeds (over $200,000) into the joint checking account to pay Guito's bills.  After Guito passed away, appellee transferred the remaining money in the joint checking account (over $200,000) to her personal savings account.  In their motion for partial summary judgment, appellants argued this transaction constituted self-dealing by a fiduciary in violation of R.C. Chapter 1337, concealment of assets, embezzlement, and theft.

{¶ 21} In its January 25, 2021 entry granting summary judgment to appellee, the trial court thoroughly analyzed Guito's capacity to execute his will and the power of attorney, and found the undisputed facts show he had testamentary and mental capacity at the time he executed the documents.  The trial court went on to conclude the power of attorney gave appellee the ability to sell the home and place the proceeds in the joint checking account, but stopped short of analyzing whether appellee, as a fiduciary, properly transferred the funds from the joint checking account to her individual account for her sole benefit as opposed to the beneficiaries under the will.  Did appellee's actions constitute good faith?  Did she act in accordance with Guito's reasonable expectations?  Did she attempt to preserve Guito's estate plan which was to bequeath her $100,000 with the remainder to appellants?  Under our de novo review, we find genuine issues of material fact to exist on these questions.

{¶ 22} Upon review, we find the trial court erred in granting summary judgment to appellee.

{¶ 23} Assignment of Error V is granted.

I, III

{¶ 24} In their first assignment of error, appellants claim the trial court erred in denying their motion for summary judgment.

{¶ 25} In their third assignment of error, appellants claim the trial court erred in failing to find against appellee for concealment and embezzlement of estate asset.

{¶ 26} Given our finding of genuine issues of material fact to exist, we deny these assignments of error.

{¶ 27} Assignments of Error I and III are denied.

II

{¶ 28} In their second assignment of error, appellants claim the trial court erred in failing to remove appellee as the executrix of Guito's estate due to their pending claims against her. Based upon our finding below, we find this assignment to be premature.

{¶ 29} As explained by this court in *Meek v. Geneva,* 5th Dist. Tuscarawas No. 2017 AP 01 0001, 2017-Ohio-7975, ¶ 43:

"The fiduciary duties of an executor are primarily to collect the estate assets, pay debts, and make distributions." *In re Estate of Faldon*, 6th Dist. Erie No. E-15-071, 2016-Ohio-7337, 2016 WL 6069077, ¶ 26 quoting *Estate of Barry*, 11th Dist. Geauga No. 2013-G-3147, 2015-Ohio-1203, 2015 WL 1432344, ¶ 17. "The executor also owes various duties to the beneficiaries of the estate, duties involving keeping proper accounts, giving timely notice, preserving assets, avoiding the commingling of property, and basic duties of trust and loyalty." *Id.* The executor "serves as a representative of the entire estate and owes a duty to act in a manner which protects the

beneficiaries' interests."  *Id.*, citing *Elam v. Hyatt Legal Serv.*, 44 Ohio St.3d

175, 176, 541 N.E.2d 616 (1989).

{¶ 30} Appellants made numerous claims against appellee including concealment and embezzlement of estate assets under R.C. 2109.50, and questioned her actions as a fiduciary pursuant to the standard set forth in R.C. 1337.34 and included in the power of attorney document.

{¶ 31} R.C. 2113.18 governs removal of executor or administrator in a probate case.  Subsection (A) states the following: "The probate court may remove any executor or administrator if there are unsettled claims existing between the executor or administrator and the estate that the court thinks may be the subject of controversy or litigation between the executor or administrator and the estate or persons interested in the estate."

{¶ 32} Per the language in the statute, the removal of an executor lies in a trial court's sound discretion.  In its entry filed January 25, 2021, the trial court denied appellants' motion to remove the executrix without comment as it had granted appellee's motion for summary judgment.  Given the reinstatement of appellants' colorable claims and the existence of genuine issues of material fact as to whether appellee has violated her fiduciary duties and/or engaged in self-dealing, we find the trial court should now consider the motion.

{¶ 33} Upon review, we hereby vacate the ruling on the denial to remove appellee as executrix and remand the issue for reconsideration and decision.

{¶ 34} Assignment of Error II is therefore premature.

IV

{¶ 35} In their fourth assignment of error, appellants claim the trial court erred in denying their motion to amend their complaint.  We agree.

{¶ 36} Twenty-eight days after a responsive pleading has been made, Civ.R. 15(A) allows for amendment of pleadings by leave of court or by written consent of the other party.  Civ.R. 15(A) specifically states: "The court shall freely give leave when justice so requires."  In *Hoover v. Sumlin,* 12 Ohio St.3d 1, 6, 465 N.E.2d 377 (1984), the Supreme Court of Ohio stated, "the language of Civ.R. 15(A) favors a liberal amendment policy and a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party."  "The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies.  Civ.R. 1(B) requires that the Civil Rules shall be applied 'to effect just results.'  Pleadings are simply an end to that objective."  *Peterson v. Teodosio,* 34 Ohio St.2d 161, 175, 297 N.E.2d 113 (1973). "Although the grant or denial of leave to amend a pleading is discretionary, where it is possible that the plaintiff, by an amended complaint, may set forth a claim upon which relief can be granted, and it is tendered timely and in good faith and no reason is apparent or disclosed for denying leave, the denial of leave to file such amended complaint is an abuse of discretion."  *Id.*

{¶ 37} The issues pertaining to appellee's actions regarding the joint checking account were raised in appellants' motion for partial summary judgment filed November 18, 2019.  On same date, appellants sought to amend their complaint to conform to the evidence obtained through discovery and to add a claim of a constructive trust, narrowing their focus from Guito's testamentary and mental capacity to appellee's fiduciary duties under R.C. Chapter 1337 and her transfer of the funds out of the joint checking account.

The motion to amend was made less than three months after the initial complaint was filed. Discovery was still ongoing as late as December 20, 2019. The trial court did not issue a decision until over a year later on January 25, 2021. We do not find any evidence of bad faith or undue delay. We do not find any undue prejudice to appellee in permitting appellants to amend their complaint to conform to discovery.

{¶ 38} Upon review, we find the trial court erred in denying appellants' motion to amend their complaint.

{¶ 39} Assignment of Error IV is granted.

{¶ 40} The judgment of the Court of Common Pleas of Licking County, Ohio, Probate Division, is hereby reversed in part, vacated in part, and the matter is remanded to said court for further proceedings consistent with this opinion.

By Wise, Earle, J.

Baldwin, P.J. and

Hoffman, J. concur.


EEW/db