412 A.2d 505

**In the ESTATE of Maria Carmella BOSICO, Deceased.**

**Appeal of Theresa A. PAYNE.**

Supreme Court of Pennsylvania.

Argued Oct. 9, 1979.

Decided March 20, 1980.

Steven H. Lupin, Lansdale, for appellant.

George W. Tracey, Lansdale, for appellee, Michael Maiorano, Adr.

James R. Beam, Norristown, for appellee, Lanco, Inc.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

Appellee, Michael P. Maiorano, is the administrator d. b. n. c. t. a. of the Estate of Maria C. Bosico. In this capacity, on April 28, 1977, he entered into a written agreement to sell the real estate which is the subject of this controversy to appellee, Lanco, Inc. Appellant, Theresa Payne, a residuary beneficiary under the will, filed a petition asking the court below to restrain the sale. At the hearing on her petition, the appellees' motion for a nonsuit was granted by the court and this appeal followed.

Appellant contends that the sale should have been set aside under the authority of Section 3360 of the Probate, Estates and Fiduciaries Code on the ground that fraud had been committed by the administrator.[1] Alternatively, she claims that the administrator failed to act in good faith with

---

1. Appellees assert that fraud was not alleged in the court below and hence is not an issue available for appeal. However, appellant originally petitioned for restraint of the sale on grounds of the contract set-aside provisions of the Probate, Estates and Fiduciaries Code and on grounds of the court's "inherent equity powers to prevent injury by fraud . . . ." In addition, the lower court held that no fraud was present. Hence, we address the fraud issue on the merits.

respect to the best interests of the beneficiaries of the estate, and that the court therefore had the authority, under its general equitable powers, to set aside the agreement.

A court's power to set aside the sale in question is delimited by Section 3360 [2] which provides:

> (a) Inadequacy of consideration or better offer.—When a personal representative shall make a contract not requiring approval of court, or when the court shall approve a contract of a personal representative requiring approval of the court, neither inadequacy of consideration, nor the receipt of an offer to deal on other terms shall, except as otherwise agreed by the parties, relieve the personal representative of the obligation to perform his contract or shall constitute ground for any court to set aside the contract, or to refuse to enforce it by specific performance or otherwise: Provided, That *this subsection shall not affect or change the inherent right of the court to set aside a contract for fraud,* accident or mistake. *Nothing in this subsection shall affect the liability of a personal representative for surcharge* on the ground of negligence or bad faith in making a contract. (Emphasis added.)

The contention of the appellant is that the record would support a finding that the administrator acted fraudulently. We disagree. After careful review of the evidence, we are satisfied that the finding of the court below that there was no fraud here is amply supported by the record. Following a series of meetings between the administrator and the heirs, during which offers of $20,000, $25,000 and $27,000 were considered and rejected, the appellant, by letter dated March 29, 1976, made a written offer of $32,000 to purchase the property, and informed the administrator that she would be able to close within 30 days. On June 4, 1976, counsel for the administrator advised appellant's counsel that the offer was acceptable to his client and forwarded the proposed agreement of sale to appellant's attorney for signature. There then followed an exchange of letters between counsel for the administrator and counsel for appellant, consisting,

2. Act of June 30, 1972, P.L. 508, No. 164, § 2, 20 Pa.C.S.A. § 3360 (1975).

for the most part, of changes which appellant's counsel wished to have made in the sales agreement. This correspondence went on for almost one year, at which point, the administrator, apparently frustrated by the delay, discharged his attorney, engaged another, and entered into the aforementioned agreement to sell the property to Lanco, Inc. for the sum of $35,000. When appellant was informed of the proposed sale to Lanco, she immediately offered to pay $37,000 for the property.

A party alleging fraud has the burden of proving the same by clear and convincing evidence. *Kadilak Will*, 405 Pa. 238, 174 A.2d 870 (1961). *Highmont Music Corp. v. J. M. Hoffman Co.*, 397 Pa. 345, 155 A.2d 363 (1959). Appellant argues that the administrator's conduct was improper in that he failed to obtain the best possible price for the property. Furthermore, it is asserted that the administrator attempted to exclude appellant from acquiring the property and thereby demonstrated inadequate regard for appellant's interest as a beneficiary of the estate. Without deciding whether the administrator's actions may have been improper, or whether he was guilty of neglect or bad faith, it is clear that his actions, as found by the lower court, did not amount to fraud. Since fraud was not proved, grounds to set aside the contract are lacking. Equity will not intervene to restrain a sale when statutory requirements are not met: *Aequitas sequitur legem.*

While we agree with the decision of the court below, we hasten to emphasize that fiduciaries entrusted with the administration of an estate have a duty to exercise the utmost fairness in dealing with beneficiaries. *In re Noonan's Estate*, 361 Pa. 26, 63 A.2d 80 (1949). So that, even absent a showing of fraud, if an administrator fails to comply with his fiduciary duties in a manner evidencing neglect or bad faith, the remedy of surcharge is available under Section 3360.

Decree affirmed. Each party to pay own costs.

MANDERINO, J., did not participate in the decision in this case.

ROBERTS, J., filed a concurring opinion.

LARSEN, J., concurred in the result.

ROBERTS, Justice, concurring.

Although I agree with the majority that the orphans' court decree should be affirmed, I write separately because I believe that one of appellant's claims requires further comment.

Appellant urges that the contract to sell estate property should be set aside because the administrator failed to sell the real estate to appellant. It is indisputable that a fiduciary has a duty to deal fairly with beneficiaries of an estate. *Steele Estate*, 377 Pa. 250, 103 A.2d 409 (1954). However, there is no requirement, as appellant contends, that a fiduciary give special preference to a beneficiary in the sale of estate property. Moreover, the fact that appellant was willing to make a better offer after the contract of sale had been entered into is not a sufficient ground for setting aside the contract. See 20 Pa.C.S.A. § 3360(a); *Curtis Estate* (Salke Appeal), 437 Pa. 123, 261 A.2d 589 (1970). Hence, the orphans' court correctly refused to set aside the contract.*

---

* We need not reach the issue of whether the administrator's actions with respect to appellant constituted bad faith, because bad faith is not a ground for setting aside a contract of sale, although it may be grounds for surcharge of the fiduciary. See 20 Pa.C.S.A. § 3360(a).