618 A.2d 1182

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Appellant,**

v.

**Ercole DiANTONIO, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1992.

Decided Dec. 16, 1992.

238

Joan A. Zubras, for appellant.

Jeffrey A. Korustoff, for appellee.

Before PALLADINO and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

PELLEGRINI, Judge.

Southeastern Pennsylvania Transportation Authority (SEPTA) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) denying its motion to open a default judgment obtained by Ercole DiAntonio (DiAntonio).

DiAntonio was injured while a passenger on a SEPTA bus when the bus stopped suddenly as the result of an accident with another vehicle. DiAntonio instituted a suit by summons and then filed a complaint on February 14, 1991, with service to SEPTA on February 18, 1991. Because SEPTA failed to file an answer, DiAntonio sent a notice of intention to take default on April 11, 1991.

Upon receipt of the notice of intention to take a default judgment, SEPTA prepared and delivered an answer to the prothonotary on April 12. The answer was one of a number of pleadings SEPTA filed at the same time, and the filing fees for all of those pleadings were paid with a single check. The prothonotary time-stamped the answer and returned a copy to SEPTA and SEPTA sent a copy to plaintiff. However, the prothonotary later discovered that the filing fee check was insufficient to cover all of the pleadings filed. Without explanation, the prothonotary decided to reject only the answer to DiAntonio's complaint due to the deficient filing fee, and did not enter the filing of the answer on the docket. Upon DiAntonio's filing of a praecipe, the prothonotary entered default judgment on April 23, 1991. It was not until June 11, 1991, that SEPTA received the undocketed answer from the prothonotary, with a notation that indicated that it was returned as not perfected due to the improper payment of the fee.

SEPTA filed a "Petition to Open or Strike Off Default Judgment" alleging a breakdown in the courts because the prothonotary accepted the answer and the fee and did not notify SEPTA of the problem until after the default was taken. The trial court denied the motion to open the default judgment, finding that SEPTA did not set forth a reasonable excuse, and that SEPTA's allegation that the claim was due to another motorist was not a meritorious defense. SEPTA then filed this appeal.

■ The decision to open a default judgment is "left to the sound discretion of the trial court, and absent an error of law or a clear manifest abuse of discretion, the trial court's decision will not be disturbed on appeal." *Southeastern Pennsylvania Transportation Authority v. Ray,* 131 Pa.Commonwealth Ct. 179, 181, 569 A.2d 1020, 1021 (1990). *See First Seneca Bank & Trust Company v. Laurel Mountain Development,* 506 Pa. 439, 485 A.2d 1086 (1984). In order to grant a petition to open a default judgment, the following criteria must be met: (1) the petition to open must be promptly filed; (2) there must be a reasonable excuse for failure to respond; and

(3) a meritorious defense must be shown. *Comyn v. Southeastern Pennsylvania Transportation Authority*, 141 Pa.Commonwealth Ct. 53, 594 A.2d 857 (1991).

■ SEPTA contends that when it delivered the answer and it was accepted and time-stamped by the prothonotary, that constituted its filing which would preclude the taking of a default judgment. Because under Pa.R.C.P. No. 1037(b),[1] a default judgment can only be entered if a responsive pleading has not been filed prior to its taking, the entry of the default judgment by the prothonotary was improper. Moreover, SEPTA contends the prothonotary's failure to docket the answer is a breakdown in court operations that was a reasonable excuse justifying the opening of the default judgment. However, DiAntonio contends that because SEPTA did not pay the proper filing fee, the filing was not perfected and the prothonotary was not required to docket the answer. Section 4 of the Act, 42 P.S. § 21004,[2] does provide that the prothonotary of Philadelphia County "shall not be required to receive any paper or perform any service until the proper fee is paid."

■ Although the prothonotary was not required to accept the pleading until the proper fee was paid, the prothonotary accepted SEPTA's answer by time-stamping a copy. These actions constitute "filing", which although not defined in the rules of civil procedure, commonly refers to the delivery of papers to the prothonotary for docketing. *See generally Commonwealth v. Cooke*, 288 Pa.Superior Ct. 205 n. 4, 431 A.2d 360 n. 4 (1981). Even though the prothonotary's office later discovered that the total fee was deficient, the prothonotary could not summarily return the answer after having accepted it.

■ Consequently, SEPTA's answer is deemed filed on April 12, 1991, the day it was accepted by the prothonotary as

1. Pa.R.C.P. No. 1037(b) provides:
   The prothonotary, on praecipe of the plaintiff, shall enter judgment against the defendant for failure to file within the required time an answer to a complaint ...

2. Section 4 of the Act of July 11, 1980, P.L. 643, No. 133, *as amended.*

indicated by the original time-stamp, and the answer should have been timely docketed. To decide otherwise would eliminate reasonable reliance by parties on a prothonotary's acceptance of a pleading. Because the answer was timely filed, the prothonotary lacked the authority to enter a default judgment under Pa.R.C.P. No. 1037(b), and the prothonotary's error was more than a reasonable excuse for opening default judgment. *See Lippin v. Aliprando*, 359 Pa.Superior Ct. 212, 215, 518 A.2d 856, 857 (1986) (a prothonotary lacks authority to enter default judgment where the defendant filed its answer).

■ SEPTA also contends that it asserted a meritorious defense sufficient to allow the trial court to open the default judgment.[3] A meritorious defense is one that is sufficient to justify relief if proven. *Provident Credit Corp. v. Young*, 300 Pa.Superior Ct. 117, 446 A.2d 257 (1982). In its answer, SEPTA alleged that the accident in which DiAntonio was injured was caused by a third-party driver or that the injuries were caused by DiAntonio's own negligence, and specifically denied any negligence on the part of SEPTA or its employees. Because the defense that there is no causal relationship between the actions of SEPTA and the injuries to DiAntonio is one that would sufficiently preclude recovery from SEPTA, SEPTA has pled a meritorious defense.

■ Because SEPTA stated a reasonable excuse for its delay and alleged a meritorious defense, the trial court abused its discretion in denying the petition to open default judgment.[4] Accordingly, we reverse the order of the trial court and remand the case for further proceedings.

## ORDER

AND NOW, this 16th day of December, 1992, the order of the Court of Common Pleas of Philadelphia County, No. 4746,

---

3. Even though addressed by the trial court, DiAntonio did not raise this issue before the trial court in its response to SEPTA's petition to open or brief it on appeal.

4. DiAntonio did not contend in his response to the petition to open default judgment that the petition was not promptly filed. Therefore, the issue has been waived.

August Term 1990, dated September 19, 1991, is reversed and we open the default judgment and remand the case for further proceedings.

Jurisdiction relinquished.