COUNTY OF ALLEGHENY,

v.

Norma Jean McCULLOUGH, Individually, E. Timothy McCullough, and Roy E. McCullough, Administrators of the Estate of Earl V. McCullough, a/k/a Earl Vincent McCullough, a/k/a Earl McCullough, Deceased.

Norma Jean McCullough and E. Timothy McCullough, Appellants.

Commonwealth Court of Pennsylvania.

Argued Oct. 31, 1994.
Decided May 11, 1995.

---

E. Timothy McCullough, for appellants.

Michael G. McCabe, for appellee.

Before COLINS, President Judge, and NEWMAN, J., and SILVESTRI, Senior Judge.

NEWMAN, Judge.

Norma Jean McCullough, individually, and E. Timothy McCullough, Co–Administrator of the Estate of Earl V. McCullough, Jr., deceased (collectively, the appellants), appeal from an order of the Court of Common Pleas of Allegheny County (trial court) dismissing their petition for a rule to show cause why a default judgment entered against them should not be stricken or opened. We vacate and remand.

### FACTS

Earl Vincent McCullough, Jr. and Norma Jean McCullough purchased a one-story home at 451 Blackberry Drive, Monroeville, Pennsylvania (subject property) as tenants by the entireties on August 20, 1955. The McCulloughs subsequently divorced on December 31, 1981, and by operation of law, they became owners of the subject property as tenants in common. Norma Jean McCullough has continuously lived in the subject property. On January 14, 1986, Earl V. McCullough, Jr. died intestate, and his one-half interest in the subject property passed to his estate. On March 10, 1986, E. Timothy McCullough and Roy E. McCullough were granted letters of administration for the estate.[1]

Norma Jean McCullough was in arrears in the payment of property taxes from tax year 1979 to the time of the commencement of the

---

**1.** E. Timothy McCullough is the son of Norma Jean McCullough and Earl V. McCullough, Jr. We are unable to ascertain from the record the relationship of Roy E. McCullough to Norma Jean McCullough and/or Earl V. McCullough, Jr.

instant action. Consequently, on January 21, 1992, she entered a contractual installment agreement with Allegheny County (County) for the payment of delinquent property taxes. The contract provided that the County would forego enforcement of its delinquent tax collection rights in consideration for repayment of the past due balance in monthly payments of $200.00. According to the County, Norma Jean McCullough failed to keep current on the monthly obligations.

Because of Norma Jean McCullough's alleged delinquent tax status, the County, on July 28, 1993, caused to be issued a Writ of Scire Facias[2] Sur Delinquent Tax Lien (writ) against the subject property to reduce County real estate tax liens for years 1979 through 1992. Pursuant to Section 18 of the Act of May 16, 1923, P.L. 207, *as amended,* 53 P.S. § 7186, the sheriff personally served Norma Jean McCullough with the writ on August 13, 1993; and, on that same day, the sheriff also personally served E. Timothy McCullough with the writ. The County's attempts to serve Roy E. McCullough proved unsuccessful.[3]

Consequently, on October 27, 1993, the County sought a default judgment against Norma Jean McCullough and E. Timothy McCullough.[4] According to the appellants, the County reneged on an agreement between E. Timothy McCullough and the County, in which they agreed that the County would not file a default judgment pending receipt by the appellants of certain information from the Office of the County Treasurer.[5]

On November 5, 1993, the appellants petitioned the trial court for a rule to show cause why a default judgment should not be stricken or opened. The trial court initially granted the rule; however, because appellants failed to comply with a local rule, the trial court on December 20, 1993 vacated its order.[6] Thus, on December 23, 1993, the appellants filed another petition for a rule to show cause why the default judgment should not be stricken or opened. By order of the same date, the trial court dismissed the petition. The present appeal followed.

### ISSUES

The appellants present three issues for our review: 1) whether the trial court abused its discretion in failing to strike the default judgment because of failure to serve Roy E. McCullough; 2) whether the trial court abused its discretion in failing to open the default judgment because the appellants timely filed their petition to strike or open default judgment, had a reasonable explanation for their delay, and had a meritorious defense to the claim; and 3) whether the trial court abused its discretion in failing to open the default judgment because of the alleged agreement among the parties, which was

2. Recently, we set forth the parameters of a writ of scire facias. In *Shapiro v. Center Township, Butler County,* we stated:

> A writ of scire facias is a mandate to the sheriff, which recites the occasion upon which it issues, which directs the sheriff to make known to the parties named in the writ that they must appear before the court on a given day, and which requires the defendant to appear and show cause why the plaintiff should not be permitted to take some step, usually to have advantage of a public record. The object of the writ of scire facias is ordinarily to ascertain the sum due on a lien of record and to give the defendant an opportunity to show cause why the plaintiff should not have execution.
>
> The writ of scire facias serves the dual purposes of a summons and a complaint, and a writ of scire facias is personal process, but the detailed requirements of a pleading are not applied to the writ of scire facias.

159 Pa.Commonwealth Ct. 82, 88–89, fn. 3, 632 A.2d 994, 997, fn. 3 (1993).

3. On December 6, 1993, the trial court granted the County's request to serve Roy E. McCullough by first-class mail. Roy E. McCullough filed an affidavit of defense on December 20, 1993.

4. The total amount of the judgment was $10,-318.91.

5. The appellants contend that after E. Timothy McCullough received the writ, he notified the County's attorney and they agreed upon the terms of the agreement. In a letter to the County's attorney dated September 29, 1993, E. Timothy McCullough confirmed this agreement.

6. Specifically, the appellants failed to notify the County of their presentation of the petition to the trial court.

contained in the confirmation letter of September 29, 1993.[7]

## ANALYSIS

## I. DID THE TRIAL COURT ERR IN NOT STRIKING THE JUDGMENT?

With respect to the first issue, the appellants initially contend that the trial court should have stricken the default judgment because the County failed to serve E. Timothy McCullough properly. Specifically, the appellants allege that because the sheriff's return contained a notation that the sheriff served E. Timothy McCullough at 204 Kenmar Drive in Monroeville, service was never effectuated because the location has no relationship to E. Timothy McCullough. In opposition, the County contends that the sheriff's return, which indicated that the sheriff properly served E. Timothy McCullough, is conclusive.

■ A trial court may strike a default judgment only if there is a defect appearing on the face of the record. *Parliament Industries, Inc. v. William H. Vaughan & Company, Inc.*, 501 Pa. 1, 459 A.2d 720 (1983). Furthermore, we will only look at the record for defects that existed at the time the trial court entered the judgment. *Linett v. Linett*, 434 Pa. 441, 254 A.2d 7 (1969). Finally, our courts have long followed the rule that, without fraud, the return of service of a sheriff, which is complete on its face, is conclusive and immune from attack by extrinsic evidence. *Hollinger v. Hollinger*, 416 Pa. 473, 206 A.2d 1 (1965).

■ In the instant case, a review of the sheriff's return concerning E. Timothy McCullough indicates that the sheriff personally served him with the writ on August 13, 1993. It is clear from the appellants' argument that they are seeking to attack service of E. Timothy McCullough by extrinsic evidence, namely, the location of service had no relationship to him. Under our Supreme Court's holding in *Hollinger*, however, such an attack by extrinsic evidence of a sheriff's

return is prohibited. Thus, we hold that the trial court did not err in refusing to strike the judgment for this reason.

Next, the appellants maintain that the County improperly obtained an *in rem* judgment against the subject property before the sheriff properly served Roy E. McCullough, who had an interest in the subject property. Citing *Borough of Towanda v. Brannaka*, 61 Pa.Commonwealth Ct. 622, 434 A.2d 889 (1981), the appellants believe that failure to serve Roy E. McCullough was fatal because the law requires that all "owners" of the subject property be served in an *in rem* action. We disagree.

■ It was undisputed that the County obtained a default judgment against the subject property before Roy E. McCullough was served. However, this fact is of no moment. Roy E. McCullough's interest in the instant case arises from his status as co-administrator of the estate of Earl V. McCullough, Jr. As demonstrated above, the County properly served the other co-administrator, E. Timothy McCullough, before it obtained the default judgment. We believe that the service of E. Timothy McCullough as co-administrator was sufficient to bind the estate.

In *Selig v. Selig*, 217 Pa.Superior Ct. 7, 268 A.2d 215 (1970), our sister court addressed the issue of whether the service of one executor was sufficient to bind the other co-executors in an action involving a foreign attachment. The Superior Court held that it was. Specifically, the court reasoned that the properly served co-executor's fear of being liable for a breach of his or her fiduciary duty created a "self-protection" compulsion to notify the other co-executors of any pending action involving the estate. .

■ We believe the same rationale is applicable in the present case. Initially, we note that an administrator, like an executor, has a fiduciary duty to the estate. *Estate of Bosico*, 488 Pa. 274, 412 A.2d 505 (1980). Furthermore, the County's service of the writ on E. Timothy McCullough as co-administrator placed the estate on notice that the

---

7. A petition to strike or open judgment is an appeal to a court's equitable powers, and the trial court's exercise of its discretion will not be

disturbed unless there has been a clear abuse of discretion. *Brady Township v. Ashley*, 17 Pa.Commonwealth Ct. 226, 331 A.2d 585 (1975).

County sought payment for unpaid taxes. Once the County effectuated service on E. Timothy McCullough, it was incumbent upon him to take the appropriate steps to safeguard the interest of the estate. Thus, we hold that the County's failure to serve Roy E. McCullough does not require the striking of the default judgment.

## II. DID THE TRIAL COURT ERR IN NOT OPENING THE JUDGMENT?

With respect to the second issue, the appellants contend that the trial court erred in not issuing a rule to show cause why the default judgment should not be opened because once they were aware of the default judgment, they immediately filed a petition to open it. Moreover, the appellants maintain that their failure to respond to the default judgment could be excused, because they were current on the monthly $200.00 payments that they had negotiated with the County. Specifically, in their petition to open, the appellants averred the following defense:

15. Defendant Norma Jean McCullough entered into an agreement dated January 21, 1992 with the plaintiff which provides, in pertinent part, that the plaintiff would 'forego enforcement of its delinquent tax collection rights: in consideration for repayment of the claim at $200.00 per month.'

16. The defendant is current with payment obligations under the contract.

17. The plaintiff's counsel apparently instructed the Allegheny Treasurer not to provide information concerning payments made pursuant to the January 21, 1992 agreement.

18. Also, the plaintiff's counsel, by letter dated December 10, 1993 which returned the defendant's $200.00 monthly payment, indicated that future payments made pursuant to the agreement will be rejected, despite the prior acceptance of numerous other such payments.

Appellants' Petition to Strike and/or Open, Reproduced Record at 3–4.

In determining whether to open a default judgment, the trial court must determine the following: (1) whether the petition to open was promptly filed; (2) whether there was a reasonable excuse for failure to respond; and (3) whether there existed a meritorious defense. *Borough of Kennett Square v. Lal,* 165 Pa.Commonwealth Ct. 573, 645 A.2d 474 (1994). This court has defined a "meritorious defense" as a defense sufficient to justify relief if proven. *Southeastern Pennsylvania Transportation Authority v. DiAntonio,* 152 Pa.Commonwealth Ct. 237, 618 A.2d 1182 (1992). Finally, we have stated that a decision to open a default judgment is left to the sound discretion of the trial court, and absent an error of law or clear manifest abuse of discretion, the trial court's decision will not be disturbed on appeal. *Southeastern Pennsylvania Transportation Authority v. Ray,* 131 Pa.Commonwealth Ct. 179, 569 A.2d 1020 (1990).

The only issue before us is whether the appellants alleged a meritorious defense in their petition to open. The trial court held that they did not and dismissed the petition. In its opinion, the trial court reasoned as follows:

Defendants also contend that the judgment should be opened since they have a meritorious defense to the complaint. That contention is based upon an alleged agreement that the County would 'forego enforcement of its delinquent tax collection rights: in consideration for repayment of the claim at $200.00 per month.' *There is no dispute that such an agreement was made and that defendants are delinquent in the monthly payments required under the agreement. This Court does not believe that the County is required to forebear from entering judgment when it has extended a courtesy to a delinquent taxpayer who has failed to live up to the agreement which the County was under no obligation to offer in the first place.*

Trial Court Opinion at 1 (emphasis added).

Our review of the record reveals that there is no support in the record for the trial court's determination that the appellants were delinquent in making the $200.00 monthly payments. We have been unable to

find any testimony from any individual or any documentation from either of the parties that indicates that the appellants did not make the $200.00 monthly payments. While the record does contain tax lien documents that provide the total amount of the lien due, we are unable to extrapolate from these documents whether any $200.00 payments were made by the appellants.

The County contends that on December 23, 1993 during oral argument on the petition to open the default judgment, the appellants' attorney (E. Timothy McCullough) indicated to the court that several monthly payments were not made to the County by Norma Jean McCullough. According to the County, E. Timothy McCullough's admission formed the basis of the trial court's conclusion that the appellants were delinquent in their payments. County's brief at 9. However, our review of the record indicates that this statement is not of record. Therefore, we are unable to consider it. *See Comyn v. Southeastern Pennsylvania Transportation Authority and the City of Philadelphia*, 141 Pa.Commonwealth Ct. 53, 594 A.2d 857 (1991) (where we stated that we continue to adhere to the principle that we will not consider matters that are outside the record).

Without any support in the record that the appellants were not current in their payments, we cannot conduct meaningful appellate review of the issue. We believe that if the Appellants were current in the monthly payments, this fact would constitute a meritorious defense. Therefore, we are constrained to remand the matter to the trial court to enable it to set forth the basis of its determination that the appellants were not current on the $200.00 payments.[8]

### ORDER

AND NOW, May 11, 1995, we vacate the order of the Court of Common Pleas of Allegheny County and remand the matter that

Court for further proceedings consistent with this opinion.

We relinquish jurisdiction.

---

8. With respect to the last issue, the appellants contend that they had an agreement with opposing counsel, memorialized in the letter of September 29, 1993, that the County would not file a default judgment pending receipt by the appellants of certain information from the Office of the County Treasurer. This letter cannot form the basis of an enforceable agreement because it was a unilateral communication from one attorney to another. *See* Pa.R.C.P. No. 201.