2001 UT 61

**Mary Ann Lucero DIPOMA, Plaintiff and Respondent,**

v.

**Brian McPHIE and Does 1–20 whose true names are unknown, Defendants and Petitioner.**

No. 20000466.

Supreme Court of Utah.

July 20, 2001.

Craig S. Cook, Salt Lake City, for plaintiff.

Paul M. Belnap, Darren K. Nelson, Andrew D. Wright, Salt Lake City, for defendants.

RUSSON, Associate Chief Justice:

¶ 1 On writ of certiorari, defendant Brian McPhie ("McPhie") seeks reversal of the Utah Court of Appeals' determination that payment of filing fees is not a jurisdictional requirement for the commencement of an action under rule 3 of the Utah Rules of Civil Procedure.

## BACKGROUND

¶ 2 Mary Ann Lucero Dipoma ("Dipoma") was involved in an automobile accident with McPhie on November 29, 1993. On November 24, 1997, five days prior to the running of the four-year statute of limitations,[1] Dipoma filed a pro se complaint against McPhie in the district court seeking damages for injuries she allegedly sustained in the automobile accident. Dipoma's complaint was accompanied by a personal check in the amount of $120 for payment of the required filing fee.[2] The clerk of the court accepted Dipoma's check and stamped her complaint "filed."

¶ 3 On December 29, 1997, after the four-year statute of limitations had run, Dipoma's personal check was returned to the clerk of the court for insufficient funds. Although the record does not disclose when Dipoma was notified that her check had been returned, it was certainly no later than March 10, 1998, when Dipoma again attempted to pay the filing fee by mailing a second personal check to the court. However, because Dipoma's first check had been dishonored, the court clerk notified Dipoma that the court would not accept her second check and that she must "pay with another form." No other action was taken by Dipoma until five months later when, on August 11, 1998, Dipoma paid the $120 filing fee with a certified check—nearly nine months after the four-year statute of limitations had run. Thereafter, on August 26, 1998, a summons and a copy of the complaint were served on McPhie.

¶ 4 On February 18, 1999, McPhie moved for summary judgment, arguing that Dipoma's complaint was not "filed" until August 11, 1998—the date she paid the required filing fee—and that, therefore, her action was not commenced within the applicable four-year statute of limitations. The trial court granted McPhie's motion, holding that a complaint accompanied by a check later returned for insufficient funds is not filed for purposes of satisfying a statute of limitations. Accordingly, the trial court dismissed Dipoma's complaint.

¶ 5 Dipoma appealed,[3] arguing to the court of appeals that the trial court erred in its determination that payment of the required

---

1. See Utah Code Ann. § 78-12-25(3) (1996).

2. Section 21-1-5 of the Utah Code provides that "[t]he fee for filing any civil complaint or petition invoking the jurisdiction of a court of record not governed by another subsection is $120." Utah Code Ann. § 21-1-5(1)(a) (1998).

3. Dipoma appealed to this court, which poured the case over to the court of appeals pursuant to section 78-2-2 of the Utah Code. See Utah Code Ann. § 78-2-2(4) (1996); Utah R.App. P. 42(a).

filing fee is a jurisdictional prerequisite for the commencement of an action at the trial level. In response, McPhie argued that even if the filing fee is not a jurisdictional requirement, the court of appeals should nevertheless affirm the trial court's dismissal of Dipoma's complaint on the alternative ground that Dipoma did not tender the required filing fee within a reasonable time.

¶ 6 The court of appeals reversed the trial court, *see Dipoma v. McPhie*, 2000 UT App 130, ¶ 17, 1 P.3d 564, holding that the plain language of rule 3 of the Utah Rules of Civil Procedure requires a plaintiff only to file a complaint in order to commence an action and that, therefore, the trial court erred in dismissing Dipoma's complaint for failure to tender the required filing fee prior to the lapse of the applicable limitation period. Moreover, the court of appeals declined to address McPhie's argument that Dipoma did not tender the required filing fee within a reasonable time because McPhie had failed to raise the issue before the trial court.

¶ 7 McPhie filed a petition for a writ of certiorari with this court, seeking review of the decision of the court of appeals. We granted the petition. In this appeal, McPhie raises two arguments. First, McPhie argues that the court of appeals erred in its determination that payment of the required filing fee is not a jurisdictional prerequisite for the commencement of an action at the trial level. Second, McPhie argues that even if payment of the filing fee is not jurisdictional, the court of appeals erred by failing to affirm the trial court's dismissal of Dipoma's complaint on the alternative ground that Dipoma unreasonably delayed the payment of the required filing fee.

## STANDARD OF REVIEW

¶ 8 "When exercising our certiorari jurisdiction, 'we review the decision of the court of appeals, not of the trial court.'" *Macris & Assocs., Inc. v. Neways, Inc.*, 2000 UT 93, ¶ 17, 16 P.3d 1214 (quoting *Carrier v. Pro–Tech Restoration*, 944 P.2d 346, 350 (Utah 1997)). Inasmuch as the issues presented in this case are questions of law related to the construction of statutes and rules, we accord no particular deference to the court of appeals' ruling; we review it for correctness. *Longley v. Leucadia Fin. Corp.*, 2000 UT 69, ¶ 13, 9 P.3d 762.

## ANALYSIS

### I. WHETHER FILING FEES ARE JURISDICTIONAL

¶ 9 We first address McPhie's argument that the court of appeals erred in its determination that payment of the required filing fee is not a jurisdictional requirement for commencement of an action at the trial level.

¶ 10 Rule 3 of the Utah Rules of Civil Procedure requires that a complaint be "filed" in order to commence a civil action. The rule provides:

(a) *How commenced.* A civil action is commenced ... by filing a complaint with the court....

(b) *Time of jurisdiction.* The court shall have jurisdiction from the time of filing of the complaint....

Utah R. Civ. P. 3(a)-(b). Rule 5 of the Utah Rules of Civil Procedure defines "filing." It states, in pertinent part, that "[t]he filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court." Utah R. Civ. P. 5(e). However, despite the above, McPhie argues that filing requires not only depositing papers with the court, but also payment of the required filing fee. In doing so, McPhie acknowledges that rule 3 is silent as to whether payment of filing fees is required before a complaint can be considered "filed." Nevertheless, McPhie argues that rule 3's filing requirement incorporates sections 21–1–1,[4] 21–1–5,[5] and

---

4. Section 21–1–1 provides:

   For services performed in their respective offices, the officers named in this chapter shall collect in advance for the use and benefit of the state the fees hereinafter enumerated and such other fees as may be provided by law.

   Utah Code Ann. § 21–1–1 (1998).

5. Section 21–1–5 provides in pertinent part:
   (1) (a) The fee for filing any civil complaint or petition invoking the jurisdiction of a court of record not governed by another subsection is $120.

21–7–2[6] of the Utah Code, which set forth the court clerk's duty to collect filing fees. Because these sections require the court clerk to collect filing fees "in advance" of the performance of service, McPhie argues that payment of the filing fee must be a jurisdictional requirement. Dipoma argues, in response, that rule 3 contains no language requiring filing fees, nor expressly incorporates sections 21–1–1, 21–1–5, or 21–7–2 of the Utah Code, and therefore, the court of appeals correctly determined that payment of filing fees is not a jurisdictional requirement for the commencement of an action.

¶ 11 This court has not addressed the issue of whether the payment of filing fees is a jurisdictional requirement for commencing an action at the trial level. However, this court has addressed whether filing fees are jurisdictional on appeal. In doing so, this court has consistently looked to the plain language of the applicable rule when construing it, thereby declining to read additional language into the rule. For example, in *Prowswood, Inc. v. Mountain Fuel Supply Co.*, 676 P.2d 952 (Utah 1984), this court addressed the question of whether payment of docketing fees is a jurisdictional requirement under rule 73 of the Utah Rules of Civil Procedure, which governed the filing of appeals prior to 1985. Rule 73 stated in pertinent part: " 'A party may appeal from a judgment by filing with the district court a notice of appeal, together with sufficient copies thereof . . ., *and depositing therewith the fee required for docketing* the appeal in the Supreme Court.' " *Id.* at 954–55 (quoting Utah R. Civ. P. 73(a)). In determining whether rule 73's docketing fee requirement was jurisdictional, the *Prowswood* court distinguished rule 73 from rule 3 of the Federal Rules of Appellate Procedure, which set forth only the requirement that an appellant must file a notice of appeal, and then stated: " 'Failure of an appellant to take any step *other than the timely filing of a notice of appeal* does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal.' " *Id.* at 958 (emphasis added) (quoting Fed. R.App. P. 3(a)). The *Prowswood* court concluded that the plain language of rule 73, unlike rule 3 of the Federal Rules of Appellate Procedure, expressly made both the notice of appeal *and* the docketing fee requirement jurisdictional. *See id.* at 959.

¶ 12 However, on January 1, 1985, rule 73 was superseded by rule 3 of the Utah Rules of Appellate Procedure. Rule 3, like rule 3 of the Federal Rules of Appellate Procedure, contained no express reference to payment of the docketing fee at the time of filing as a jurisdictional requirement. Accordingly, because the language making payment of filing fees a jurisdictional requirement had been removed, this court, in *State v. Johnson*, held that "[u]nder Rule 3, the timely payment of fees on an appeal from the district court to this Court *is no longer jurisdictional*." 700 P.2d 1125, 1129 n. 1 (Utah 1985) (emphasis added).

¶ 13 Consistent with the above cases, in determining whether the payment of filing fees is a jurisdictional requirement for commencement of an action at the trial level, we must look to the plain language of rule 3 of the Utah Rules of Civil Procedure. Like rule 3 of the Utah Rules of Appellate Procedure, which was construed in *Johnson*, rule 3 of the Utah Rules of Civil Procedure contains no express reference to filing fees as a jurisdictional requirement, nor does the rule expressly incorporate, as McPhie argues, sections 21–1–1, 21–1–5, and 21–7–2 of the Utah Code as jurisdictional requirements. Rather, as the court of appeals correctly noted, the plain language of rule 3 requires merely that a plaintiff file a complaint with the court clerk, and any reference to filing fees as a jurisdictional requirement is notably absent. Certainly, if it had been intended that payment of filing fees be a jurisdictional requirement for commencing an action, a provision

---

. . .
(cc) Except as provided in this section, . . . all fees shall be paid at the time the clerk accepts the pleading for filing or performs the requested service.
*Id.* § 21–1–5(1)(a), (cc) (Supp.2000).

6. Section 21–7–2 provides that state and county officers "may not perform any official service unless the fees prescribed for that service are paid in advance." *Id.* § 21–7–2(1)(a) (1998).

expressly requiring that fees be paid in advance would have been included. *See Hausknect v. Indus. Comm'n*, 882 P.2d 683, 684–85 (Utah Ct.App.1994) (holding payment of required fees jurisdictional under Utah Rule Appellate Procedure 14, where rule stated that " '[a]t the time of filing any petition for review, the party obtaining the review *shall* pay to the clerk of the appellate court *such filing fees as are established by law*, and also the fee for docketing the appeal' " (emphasis added) (quoting Utah R.App. P. 14(b))).

¶ 14 Moreover, in addition to the fact that rule 3 contains no express reference to filing fees as a jurisdictional requirement, we note that a majority of courts in other jurisdictions, construing nearly identical rules governing the commencement of an action, have concluded that the filing fee requirement is not jurisdictional at the trial level. *See, e.g., Burnett v. Perry Mfg., Inc.*, 151 F.R.D. 398, 401 (D.Kan.1993) ("[T]he greater weight of authority [among federal courts] indicates that the filing fee requirement is not jurisdictional."); *see also Cintron v. Union Pac. R.R. Co.*, 813 F.2d 917, 920 (9th Cir.1987) (holding filing fee requirement not jurisdictional under Federal Rules of Civil Procedure); *Rodgers v. Bowen*, 790 F.2d 1550, 1551–52 (11th Cir.1986) (same); *Wrenn v. Am. Cast Iron Pipe Co.*, 575 F.2d 544, 547 (5th Cir.1978) (same); *Johnson v. Brown*, 803 F.Supp. 1414, 1418–19 (N.D.Ind.1992) (same); *Bolduc v. United States*, 189 F.Supp. 640, 641–42 (D.Me.1960) (same); *Southeastern Pennsylvania Transp. Auth. v. DiAntonio*, 152 Pa.Cmwlth. 237, 618 A.2d 1182, 1183–84 (1992) (holding filing fee requirement not jurisdictional under Pennsylvania law); *Foley v. Foley*, 147 Cal.App.2d 76, 304 P.2d 719, 719–20 (1956) (same under California law); 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1052, at 165 (2d ed.1987) (stating that "[f]iling a complaint requires nothing more than delivery to a court officer authorized to receive it"). *But see Broker House Int'l, Ltd. v. Bendelow*, 952 P.2d 860, 863 (Colo.Ct.App. 1998) (holding payment of filing fees jurisdictional prerequisite for commencement of action under Colorado law).

¶ 15 In determining that filing fees are not a jurisdictional requirement for the commencement of an action at the trial level, the above courts have noted that "[t]o decide otherwise would eliminate reasonable reliance by parties on a [court clerk's] acceptance of a pleading," *DiAntonio*, 618 A.2d at 1184, and that " '[t]he loss of a potentially valid cause of action is a rather harsh penalty for an oversight of this type.' " *Burnett*, 151 F.R.D. at 402 (quoting 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1055 (2d ed.1987)). Moreover, as the court of appeals noted, and as Dipoma argues on appeal, making the payment of filing fees a jurisdictional requirement in the absence of plain language could potentially lead to harsh, unintended results, especially in the case of a check returned for insufficient funds. Indeed, a check may be returned for many reasons, some of which are beyond the ability of the payor to control—such as bank error—and a plaintiff should not have his or her action dismissed due to problems beyond their control.

¶ 16 In view of the above, we hold that the court of appeals correctly applied the analogous statutory and case law in determining that payment of filing fees is not a jurisdictional prerequisite for the commencement of an action under rule 3 of the Utah Rules of Civil Procedure.

## II. FAILURE TO PAY THE FILING FEE WITHIN A REASONABLE TIME

¶ 17 We next address McPhie's argument that, even assuming payment of the required filing fee is not a jurisdictional requirement, the court of appeals nevertheless erred by failing to affirm the trial court's dismissal of Dipoma's complaint on the alternative ground that Dipoma did not pay the required filing fee within a reasonable time. Specifically, McPhie argues that Dipoma's eventual payment of the filing fee nine months after it was due was unreasonable as a matter of law.

¶ 18 The court of appeals held, and Dipoma argues on appeal, that we should not reach the issue of whether Dipoma paid the required filing fee within a reasonable time because the issue was not raised before the

trial court. However, although we acknowledge that this issue was not presented to the trial court, it is well settled that an appellate court may affirm the judgment appealed from

> "if it is sustainable on any legal ground or theory apparent on the record, even though such ground or theory differs from that stated by the trial court to be the basis of its ruling or action, and this is true even though such ground or theory is not urged or argued on appeal by appellee, *was not raised in the lower court, and was not considered or passed on by the lower court.*"

*Limb v. Federated Milk Producers Ass'n,* 23 Utah 2d 222, 225–26 n. 2, 461 P.2d 290, 293 n. 2 (1969) (emphasis added) (quoting 5 C.J.S. *Appeal & Error* § 1461(1)); *see also Orton v. Carter,* 970 P.2d 1254, 1260 (Utah 1998); *Ovard v. Cannon,* 600 P.2d 1246, 1247 n. 3 (Utah 1979). Therefore, because the alternate ground for affirmance presented by McPhie is apparent from the record and was briefed and argued by the parties on appeal, we choose to address it.

¶ 19 As an initial matter, we emphasize that although filing fees are not a jurisdictional requirement for commencing an action at the trial level, a litigant may not escape payment of the required filing fee indefinitely. Indeed, the payment of the filing fee is required by Utah law and, as the court of appeals correctly noted, failure to pay the required fee may ultimately result in dismissal of an action. *See* Utah Code Ann. §§ 21–1–1, 21–1–5(1)(a), 21–7–2 (1998). Accordingly, where, as in the instant case, a litigant receives notice that his or her original payment has been returned for insufficient funds, the litigant must pay the required filing fee within a reasonable time to avoid dismissal of his or her action. *See Johnson v. Brown,* 803 F.Supp. 1414, 1419 (N.D.Ind.1992) (stating there are limits to the rule enunciated in *Rodgers v. Bowen,* 790

F.2d 1550, 1552 (11th Cir.1986), that filing fees are not a jurisdictional requirement for the commencement of an action at the trial level, because "a plaintiff should not be allowed to wait many months or years between submission of the complaint and compliance with the filing fee requirement"); *see also Rodgers,* 790 F.2d at 1553 (recognizing unreasonable delay in paying filing fees may result in dismissal of action, but holding one-month delay not unreasonable).

¶ 20 In this case, Dipoma demonstrated her knowledge that the filing fee was required by attempting to pay the fee with a personal check, which was returned to the court clerk for insufficient funds on December 29, 1997. Although it is not clear from the record exactly when Dipoma received notice that her check had bounced, it was certainly no later than March 10, 1998, when Dipoma attempted to pay the filing fee a second time with another personal check, which the court clerk again rejected because her first check had been dishonored. At this point, Dipoma was on notice that her original check had bounced, that her personal checks would not be accepted, and that she was required to pay the proper fee "with another form [of payment]." However, despite her knowledge of the fee requirement, and her ability to pay the fee—as evidenced by the fact that Dipoma did not file an affidavit of impecuniosity demonstrating her inability to pay the fee, *see* Utah Code Ann. § 21–7–3(2) (1998), or argue, before the trial court or on appeal, that she was unable to pay the fee—Dipoma delayed payment of the filing fee for an additional five months, when on August 11, 1998, she paid the filing fee with a certified check. Accordingly, although we establish no bright-line rule for all cases, we hold that under the circumstances of this case, Dipoma's failure to pay the required filing fee for five months after she was notified that her original check had bounced was unreasonable as a matter of law.[7]

---

7. Moreover, although not argued by the parties, Dipoma's complaint was subject to dismissal on another ground. Rule 4 of the Utah Rules of Civil Procedure states in pertinent part:

    In an action commenced under Rule 3(a)(1), the summons together with a copy of the complaint shall be served no later than 120 days after the filing of the complaint unless the court allows a longer period of time for good cause shown. *If the summons and complaint are not timely served, the action shall be dismissed,* without prejudice on application of any party or upon the court's own initiative.

## CONCLUSION

¶ 21 We affirm the court of appeals' determination that the payment of filing fees is not a jurisdictional prerequisite for the commencement of an action under rule 3 of the Utah Rules of Civil Procedure. However, we conclude that under the circumstances of this case, Dipoma unreasonably delayed the payment of the required filing fee, and therefore, Dipoma's complaint, although commenced within the applicable statute of limitations, was properly dismissed by the trial court as a matter of law.

¶ 22 Chief Justice HOWE, Justice DURHAM, Justice DURRANT, and Justice WILKINS concur in Associate Chief Justice RUSSON's opinion.

Utah R. Civ. P. 4(b) (emphasis added). As explained above, Dipoma's action was commenced under rule 3(a)(1) when her complaint was filed with the clerk of the court on November 24, 1997—not when the filing fee was paid, and therefore, the 120–day period in which to serve the summons and complaint began running on that date. However, it is undisputed that Dipoma did not serve McPhie with the summons and complaint until August 26, 1998—approximately 275 days after her action was commenced. Therefore, even if Dipoma did not unreasonably delay the payment of the required filing fee, she nevertheless failed to serve McPhie with a summons and complaint within the time required by rule 4, and consequently, her complaint was subject to dismissal.