**2016 UT App 166**

## THE UTAH COURT OF APPEALS

CAROLE MARZIALE AND JAMES MARZIALE,
Appellants,
*v.*
SPANISH FORK CITY,
Appellee.

Opinion
No. 20140982-CA
Filed July 29, 2016

Fourth District Court, Provo Department
The Honorable Darold J. McDade
No. 130401364

Mark T. Flickinger, Attorney for Appellants

Dennis C. Ferguson and John M. Zidow, Attorneys
for Appellee

JUDGE KATE A. TOOMEY authored this Opinion, in which JUDGE
STEPHEN L. ROTH and SENIOR JUDGE PAMELA T. GREENWOOD
concurred.[1]

TOOMEY, Judge:

¶1   In this appeal, we must determine whether the district
court correctly granted summary judgment in favor of Spanish
Fork City (the City) based upon Carole and James Marziales'
(Plaintiffs) failure to timely file their complaint. Because we
determine that the complaint was filed within the period
prescribed by the statute of limitations under the Governmental
Immunity Act of Utah, we reverse.

---

1. Senior Judge Pamela T. Greenwood sat by special assignment
as authorized by law. *See generally* Utah R. Jud. Admin. 11-
201(6).

BACKGROUND

¶2    Carole Marziale fell at the Spanish Fork City Sports Complex on July 11, 2011. She and her husband, James Marziale, filed a notice of claim against the City alleging injuries caused by the fall. The notice of claim went unanswered, and as a consequence, was deemed denied on September 7, 2012, thereby opening the door for Plaintiffs to file a civil action against the City.

¶3    On August 2, 2013, an employee of Plaintiffs' counsel (Employee) electronically transmitted to counsel's electronic filing service provider[2] two nearly identical complaints against the City to be electronically filed[3] with the court. Employee first submitted a complaint without the required undertaking[4] in the Spanish Fork department of the Fourth Judicial District. The

---

2. An electronic filing service provider is a vendor outside the court "capable of delivering Legal XML compliant electronic filings. Vendors will provide an interface to their customer . . . to file electronic documents with a court." Utah State Courts, *Utah Trial Court System Electronic Filing Guide*, at v (Dec. 2013), http://www.utcourts.gov/efiling/docs/electronic_filing_guide.pdf [http://perma.cc/N2ED-H48X].

3. "An Electronic Filing or eFiling is an electronic document delivered to a court by electronic means." *Id.* "[P]leadings and other papers filed in civil cases in the district court on or after April 1, 2013 shall be electronically filed using the electronic filer's interface." Utah R. Jud. Admin. 4-503(1).

4. An undertaking in this context is a promise to pay "taxable costs incurred by the governmental entity in the action if the plaintiff fails to prosecute the action or fails to recover judgment." Utah Code Ann. § 63G-7-502(2) (LexisNexis 2011).

complaint alleged damages for negligence and loss of consortium, and its first page included the words "Tier III" under the caption "Complaint."[5] Approximately ten minutes later, Employee submitted the same complaint, with the required notice of undertaking, to the Provo department of the Fourth Judicial District. The service provider transmitted both complaints to the courts.

¶4     On September 10, Employee used Xchange[6] to locate the filed complaints. Unable to find either complaint in Xchange, Employee contacted the administrator for the Fourth District Court and learned that although the documents had been transmitted to the court, both had been rejected.

¶5     Employee requested that the court provide her with images of the display on a computer screen, or "screenshots," showing the filing status for each of the complaints. The screenshots of the eFiling portal confirmed that both the Spanish Fork and Provo complaints were transmitted to the courts on August 2, 2013; the complaints were also rejected that day. The Spanish Fork complaint was rejected because "[the Spanish Fork] court accepts only claims [$]20000 or less; you submitted 'unspecified.'" The Provo complaint was rejected because of a "credit card error." A different screenshot of the administrator's

---

5. Rule 26 sets limits on fact discovery that correlate with the amount of damages being sought. *See* Utah R. Civ. Pro. 26(c)(5). A Tier III case is one in which the claimed damages are $300,000 or more. *Id.*

6. Xchange is "[a] subscription service that allows individuals to use the Internet to search and access case information filed in Utah's district and justice courts" to look up Plaintiffs' case. Utah State Courts, *Utah Trial Court System Electronic Filing Guide*, at v (Dec. 2013), http://www.utcourts.gov/efiling/docs/electronic_filing_guide.pdf [http://perma.cc/N2ED-H48X].

system for the Provo complaint shows the word "Approved" under the words "Status History," but its status, which was "set by Administrator," was changed to "Invalid." Upon discovering that the Provo complaint was rejected due to a problem with the payment of the filing fee, Employee immediately re-submitted the complaint to the Provo department with proper payment.

¶6    The administrator explained in an affidavit that, although the court received the service provider's transmissions of Plaintiffs' documents, the Spanish Fork complaint was automatically rejected because that department does not accept claims exceeding $20,000. The administrator also explained that she manually rejected the Provo complaint and notice of undertaking because "[a] credit card error has occurred." Because she rejected them, the administrator concluded that Plaintiffs' complaint and notice of undertaking "were not accepted by the Court on August 2, 2013."

¶7    Notice of the rejections was transmitted to Plaintiffs' service provider on August 2, 2013. There is no evidence in the court's records or in the administrator's affidavit that Plaintiffs' counsel received notice of the rejection, and Plaintiffs' counsel and Employee each attested that they did not receive notice of the rejections from the service provider.

¶8    In December 2013, the City moved for summary judgment on the ground that Plaintiffs' civil action was barred because it was filed after the period specified in the applicable statute of limitations under the Governmental Immunity Act of Utah. Utah Code section 63G-7-403(2)(b) requires that "a claimant shall begin the action within one year after the denial of the claim." Utah Code Ann. § 63G-7-403(2)(b) (LexisNexis 2011). Thus, to be timely, the action needed to be filed no later than September 6, 2013. *See id.* Plaintiffs opposed the motion, and filed a separate motion, asking the court to declare that their complaint was filed August 2, 2013. The district court denied Plaintiffs' motion and

determined that because the complaints were transmitted on August 2, 2013, but not accepted, they were not instituted within the period specified by the statute of limitations. *See id.* The court reasoned that because the complaints were not timely filed, it had no subject matter jurisdiction over Plaintiffs' claims, and it therefore granted the City's motion for summary judgment. Plaintiffs appeal.

ISSUE AND STANDARD OF REVIEW

¶9    At issue is whether Plaintiffs timely filed their complaint. In reviewing a district court's decision to grant summary judgment, we consider "the facts and any reasonable inferences to be drawn therefrom in the light most favorable to the losing party," "giving no deference to [the district court's] conclusions of law." *Flowell Elec. Ass'n., Inc. v. Rhodes Pump, LLC*, 2015 UT 87, ¶ 8, 361 P.3d 91. Further, "[t]he application of [a] statute of limitations is a question of law, which we review for correctness." *Ottens v. McNeil*, 2010 UT App 237, ¶ 20, 239 P.3d 308.

ANALYSIS

¶10    On appeal, Plaintiffs argue they timely filed their complaint in both Provo and Spanish Fork. Specifically, Plaintiffs argue the Provo complaint was erroneously rejected for problems with payment. They also argue that the Spanish Fork complaint was erroneously rejected because there was no indication the Spanish Fork department of the Fourth Judicial District is "limited in scope or jurisdiction," and there was "no basis in law for rejecting" their complaint. Finally, Plaintiffs argue that even if the complaint was validly rejected, the court failed to give notice of the rejection which violated Plaintiffs' constitutional due process rights. Because we determine that the

Provo complaint was timely filed, we do not address Plaintiffs' remaining arguments.

¶11 Plaintiffs contend the Provo complaint and notice of undertaking were filed on August 2, 2013 when counsel's service provider transmitted these documents to the court and the court received and "approved" them. Plaintiffs' argument requires us to determine whether the district court erred in concluding that Plaintiffs did not file their action within the statutory one-year period. If the action was filed August 2, 2013, the date Plaintiffs' complaint was initially electronically transmitted to the district court, it was filed in time; if it was filed September 10, the date the complaint was again transmitted, it was not.

¶12 Plaintiffs rely on rule 5 of the Utah Rules of Civil Procedure, which provides that "[f]iling is complete upon the earliest of acceptance by the electronic filing system, the clerk of court or the judge." Utah R. Civ. P. 5(e). We therefore consider whether the administrator's rejection of a complaint because "[a] credit card error has occurred" means that the complaint was not filed for purposes of preserving a claim under that statute of limitations. Plaintiffs argue that neither the eFiling system nor the administrator can reject a complaint because of a problem with payment. We agree.

¶13 Rule 3 of the Utah Rules of Civil Procedure specifies that civil actions are commenced "by filing a complaint with the court." *See id.* 3(a).[7] By statute, the court must collect filing fees, *see* Utah Code Ann. § 78A-2-301 (LexisNexis 2012), but the payment and collection of the filing fee is not a requirement for filing an action, *see Dipoma v. McPhie*, 2001 UT 61, ¶¶ 13–16, 29 P.3d 1225. As our supreme court explained in *Dipoma*, rule 3

---

7. The rule provides alternate means of commencing an action but it is not relevant to this case.

"contains no express reference to filing fees as a jurisdictional requirement," and "[c]ertainly, if it had been intended that payment of filing fees be a jurisdictional requirement for commencing an action, a provision expressly requiring that fees be paid in advance would have been included." *Id.* ¶ 13. After *Dipoma*, rule 3 was amended to make this principle explicit: "Dishonor of a check or other form of payment does not affect the validity of the filing." Utah R. Civ. P. 3(a).

¶14    In this case, the administrator rejected the Provo complaint and notice of undertaking due to a "credit card error." This is equivalent to the dishonor of a form of payment, and as the rule provides, it did not affect the validity of the filing. *See id.*; *see also Dipoma*, 2001 UT 61, ¶ 16.

¶15    The City counters that another rule of civil procedure requires that a complaint "be accepted not merely received." (Citing Utah R. Civ. P. 5(e) ("Filing is complete upon the earliest of acceptance by the electronic filing system, the clerk of court or the judge.").) As the City sees it, "Utah law mandates that a filing fee is to be paid for a complaint to be accepted," and the complaint's rejection "did not conflict with the provisions of Rule 3," which "do not apply until after a complaint is accepted." We are not persuaded.

¶16    Rule 5(e) specifies that

> [a] party may file with the clerk of court using any means of delivery permitted by the court. The court may require parties to file electronically with an electronic filing account. Filing is complete upon the earliest of acceptance by the electronic filing system, the clerk of court or the judge.

The rule does not expressly require a filing fee as a prerequisite to "acceptance." Thus, the City's argument impermissibly reads additional language into the rule. Moreover, it conflicts with the

reasoning that our supreme court articulated in *Dipoma*: "[I]f it had been intended that payment of filing fees be a jurisdictional requirement for commencing an action, a provision expressly requiring that fees be paid in advance would have been included." 2001 UT 61, ¶ 13.

¶17    Rather, rule 5 defines filing as the "earliest of acceptance by the electronic filing system, the clerk of court or the judge." Utah R. Civ. P. 5(e). In this case, the record establishes that the earliest event was an electronic transmission received by the electronic filing system. We conclude that the complaint's electronic receipt was the meaningful equivalent of its acceptance.[8] *See Accept*, Merriam-Webster Online, http://www.merriam-webster.com/ dictionary/accept [https:// perma.cc/YW5W-DVWH].

¶18    Further, rule 3 of the Utah Rules of Civil Procedure provides that "[i]f a check or other form of payment tendered as a filing fee is dishonored, the party shall pay the fee by cash or cashier's check within 10 days after notification by the court." Although the system administrator notified the service provider that there was a problem with the credit card payment, neither the system administrator nor the service provider directly

---

8. We note that the Utah Trial Court System Electronic Filing Guide, prepared by the Administrative Office of the Courts, explains that "[a]ll documents are accepted and filed by the court when they are received." Utah State Courts, *Utah Trial Court System Electronic Filing Guide*, 2 (Dec. 2013), http://www.utcourts.gov/efiling/docs/electronic_filing_guide.pdf [http://perma.cc/N2ED-H48X]. It acknowledges that "[e]lectronic filing is subject to the rules of the Utah Judicial Council and the Utah Supreme Court," and "[i]n the event of a conflict between the electronic filing system requirements and the rules of the Judicial Council or the Utah Supreme Court, the rules of the council or court will prevail." *Id.*

notified Plaintiffs. Instead, Employee discovered the problem by contacting the court on September 10, and payment was immediately made at that time. And while "[d]ishonor of a check or other form of payment . . . may be grounds for such sanctions as the court deems appropriate, which may include dismissal of the action and the award of costs and attorney fees," nothing in the rules permits a court clerk to reject a filing for lack of payment. Utah R. Civ. P. 3(a); *see also Dipoma v. McPhie*, 2001 UT 61, ¶¶ 13–16, 29 P.3d 1225. We thus determine the Provo complaint was timely filed.

CONCLUSION

¶19    We conclude that the Provo complaint was filed on August 2, 2013, and was thus within the period provided by the statute of limitations applicable to actions brought under the Governmental Immunity Act of Utah. We therefore reverse the district court's grant of summary judgment in favor of the City and remand this case for further proceedings.

———————