DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas which granted summary judgment to appellee Westfield Insurance Company ("Westfield") and to appellee Travelers Indemnity Company of Illinois ("Travelers") in this dispute concerning underinsured motorist ("UIM") coverage pursuant to Scott-Pontzer v. Liberty Mut. FireIns. Co. (1999), 85 Ohio St.3d 660. For the reasons stated herein, this court affirms the judgment of the trial court.
The following facts are relevant to this appeal. Appellant, Mark Geren, was injured when his motorcycle was struck by a motor vehicle on July 13, 1999 in Williams County, Ohio. In July 2000, appellant filed a complaint[1] which set forth two UIM claims pursuant to Scott-Pontzer,supra. The first claim was under an automobile policy issued to Dennis Meyer and David Meyer, DBA Meyer Equipment ("Meyer") by Westfield. At the time of the accident, appellant was employed by Meyer. A second claim was under a commercial automobile policy issued to the Chase Brass Company ("Chase") by Travelers. At the time of the accident, appellant's father, with whom appellant resided, was employed by Chase.
On April 30, 2001, Westfield filed a motion for summary judgment. In its motion, Westfield argued that because the insurance policy at issue was issued to Dennis Meyer and David Meyer d/b/a Meyer Equipment, a partnership, appellant was not an insured under the policy and, thus, was not entitled to UIM coverage. Westfield based its argument on the Ohio Supreme Court's analysis in Scott-Pontzer, in which the Court found "you" defined as the named insured ambiguous when the policy was issued to a corporation. Because the insurance policy at issue was issued to a partnership, Westfield argued that the named insured in the policy at issue was not ambiguous.
On April 30, 2001, appellant filed a motion for partial summary judgment against Travelers. In its motion for summary judgment, appellant argued that Scott-Pontzer UIM coverage was available because Chase was a corporation with an insurance policy with Travelers which contained the identical language defining an insured as the policy found to be ambiguous in Scott-Pontzer.
On May 1, 2001, Travelers filed a motion for summary judgment. In its motion for summary judgment, Travelers argued that an "other owned vehicle" exclusion precluded coverage. The Travelers policy specifically stated that the policy would not apply to "Bodily injury" sustained by "any `family member' while `occupying' or when struck by any vehicle owned by that `family member' that is not a covered `auto' for Uninsured Motorists Coverage under this Coverage Form[.]"
Appellant opposed the motions filed by appellees. Travelers filed a memorandum in opposition to appellant's motion for partial summary judgment. On August 30, 2001, the trial court granted summary judgment to Westfield and Travelers. The trial court denied appellant's motion for partial summary judgment. Appellant filed a timely notice of appeal.
Appellant sets forth the following two assignments of error:
"ASSIGNMENTS OF ERROR
 "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE WESTFIELD INSURANCE COMPANY, DETERMINING THAT THE REASONING OF SCOTT-PONTZER V. LIBERTY MUTUAL
IS NOT APPLICABLE TO A CLAIM FOR UNDERINSURED MOTORIST BENEFITS SOUGHT BY AN EMPLOYEE OF A PARTNERSHIP.
 "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE TRAVELERS INDEMNITY COMPANY OF ILLINOIS ON THE BASIS OF FINDING THAT THE `OTHER OWNED VEHICLE' EXCLUSION TO UNDERINSURED MOTORIST COVERAGE WAS VALID IN THIS CASE."
In reviewing the grant of summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Civ.R. 56(C) provides that before summary judgment may be granted, the court must determine that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, in viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, and that conclusion is adverse to the non-moving party.
The case sub judice involves interpretation of a contract of insurance. Under contract principles, words in a policy must be given their plain and ordinary meaning. Blue Cross Blue Shield Mut. of Ohiov. Hrenko (1995), 72 Ohio St.3d 120, 122. If a contract is clear and unambiguous, its interpretation is a matter of law and there is no issue of fact to be determined. Nationwide Mut. Fire Ins. Co. v. Guman Bros.Farm (1995), 73 Ohio St.3d 107, 108. Where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, such provisions will be construed strictly against the insurer and liberally in favor of the insured. Scott-Pontzer, supra,85 Ohio St.3d at 664.
In his first assignment of error, appellant argues that the trial court erred in granting summary judgment to Westfield after determining that the reasoning of Scott-Pontzer was not applicable to his claim for UIM benefits. This court finds no merit in this assignment of error.
R.C. 1775.05(A) provides that "[a] partnership is an association of two or more persons to carry on as co-owners a business for profit." InArpadi v. First MSP Corp. (1994), 68 Ohio St.3d 453, paragraph one of the syllabus, the Ohio Supreme Court held: "A partnership is an aggregate of individuals and does not constitute a separate legal entity."
The declaration page of the Westfield policy at issue provides in relevant part:
"NAMED INSURED AND MAILING ADDRESS:
DENNIS MEYER DAVID MEYER, DBA MEYER EQUIPMENT
"* * *
"* * *
"Business: FARM EQUIP. SALES AND SERVICE
"Named Insured is: Partnership[.]"
Neither the parties nor this court have found any Ohio case directly on point. However, this court finds guidance for our decision in two Ohio cases and a Supreme Court of Alaska case involving UIM coverage and partnerships.
In Kiggins v. Allstate Ins. Co. (Sept. 27, 1994), Franklin App. No. 94APE02-219, unreported, the Tenth Appellate District found that when the declaration page of the policy at issue listed the individual partners DBA the partnership:
 "It is not unreasonable to construe the language of this policy as providing uninsured motorist coverage to the individual partners as well as the partnership."
The court determined that one of the named partners was entitled to UIM coverage.
In Weddle v. Hayes (Sept. 5, 1997), Belmont App. No. 96-BA-44, unreported, a commercial policy was issued to a partnership doing business as an auto supply business. One of the partners, not named on the declaration page, sought UIM coverage for herself and her adult daughter who resided in the same household with her. The Seventh Appellate District noted that "[a] duty owed to a partnership extends to the individual partners thereof," citing Haddon View Investment Co. v.Coopers Lybrand (1982), 70 Ohio St.2d 154 and Arpadi, supra. The court then found that the unnamed partner was an insured under the policy as an individual and that her daughter, a family member and resident of the same household as the unnamed partner, was considered a "family member" and also insured under the commercial policy.
In Simmons v. Ins. Co. Of No. America (Alaska 2001), 17 P.3d 56, 62, the Supreme Court of Alaska, in concluding that a UIM policy issued to a partnership covered the individuals as well as the business entity, stated:
 "Numerous other courts have agreed with this position as well, holding that policies that list a partnership or trade name as the `named insured' also extend coverage to the individuals comprising those businesses, and extending coverage to family members of the individual insureds. (Footnote omitted)[2] This case law, the treatises, and our previous observation that `a partnership is not a legal entity separate from its partners,' (Footnote omitted) all support the conclusion that insurance policies which list trade or partnership names as the `insured' extend coverage to the individuals comprising those businesses as well as to the businesses themselves. (Footnote omitted)"
 In this later footnote, the Supreme Court of Alaska stated:
 "[The plaintiff] correctly notes that this situation differs from insurance policies that name a corporation as the insured. Unlike partnership and common trade names, courts generally consider corporations to be separate legal entities apart from their owners.
(Citations omitted.)" Id.
Based upon the above case law, this court is persuaded that the court did not err in determining that the reasoning of Scott-Pontzer was not applicable to a claim for UIM benefits sought by an employee of a partnership and, thus, did not err in granting summary judgment to Westfield.
Accordingly, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant argues that the trial court erred in granting summary judgment to
Travelers after finding the "other owned vehicle" exclusion was valid. This court finds no merit in this assignment of error.
The trial court based its decision to grant summary judgment to Travelers on R.C. 3937.18(J)(1) which states:
 "(J) The coverages offered under division (A) of this section or selected in accordance with division (C) of this section may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under any of the following circumstances:
 "(1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured, if the motor vehicle is not specifically identified in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy under which the uninsured and underinsured motorist coverages are provided[.]"
 The "other owned vehicle" exclusion set forth in the policy sub judice states as follows:
"This insurance does not apply to:
* * *
"5. `Bodily injury' sustained by:
* * *
 "b. Any `family member' while `occupying' or when struck by any vehicle owned by that `family member' that is not a covered `auto' for Uninsured Motorists Coverage under this Coverage Form[.]"
Although appellant was an insured pursuant to Scott-Pontzer under the commercial auto policy issued by Travelers to his father's employer, he was injured while riding his own motorcycle. Thus, the "other owned vehicle" exclusion to UIM coverage applied. Therefore, the trial court did not err in granting summary judgment to Travelers.
Accordingly, appellant's second assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Mark L. Pietrykowski, P.J., JUDGES CONCUR.
[1] In his complaint, appellant stated that he had settled for $100,000, the limit on the tortfeasor's insurance. In his motion for partial summary judgment, appellant stated that his personal UIM coverage was $100,000 per person.
[2] The jurisdictions cited were Florida, Illinois, Kentucky, New Jersey, Pennsylvania and Wisconsin.